```
RECEIPT # 54625
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. ___
DATE 3-17-04
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIS TRAINING INSTITUTE LLC,

Plaintiff,

v.

INTERPACT, INC.,

Defendant.

CIVIL ACTION NO.

04-10538 RGS

MAGISTRATE JUDGE _____

## COMPLAINT AND JURY CLAIM

### Introduction

1. In this action, plaintiff MIS Training Institute LLC seeks a declaratory judgment that it has not unlawfully infringed on defendant Interpact, Inc.'s registered service mark, *InfowarCon*.

### Parties

2. Plaintiff MIS Training Institute LLC, successor in interest to MIS Training Institute, Inc., a Massachusetts corporation, is a Massachusetts limited liability company with a principal place of business at 498 Concord Street, Framingham, Massachusetts ("MIS Training"). MIS Training is in the business of marketing and conducting conferences and workshops on a wide variety of topics, including information warfare.

3. Defendant Interpact, Inc. ("Interpact") is, upon information and belief, a Delaware corporation with a principal place of business at 11511 Pine Street, Seminole, Florida. Upon information and belief, Interpact is in the business of information technology security and consulting on security issues.

- 2 -

## Jurisdiction and Venue

4. Jurisdiction in this Court is proper because this action arises under federal law, namely the Lanham Act, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act).

5. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 (diversity), as the parties are citizens of different states and the amount of the underlying controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Interpact because Interpact conducts business in the Commonwealth of Massachusetts and within this district, and because the action arises from Interpact's transacting of business in Massachusetts and entering into a contract to supply services in Massachusetts.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. An actual case or controversy has arisen between the parties. Interpact has threatened litigation against MIS Training, and has asserted that in the course of marketing and producing conferences and educational workshops in competition with Interpact, MIS Training is engaging in unlawful trademark infringement. These allegations cast a cloud on MIS Training's ability to conduct its business, thereby necessitating adjudication by this Court.

## Facts

9. On or about December 3, 1997, the parties entered into an agreement (the "InfowarCon Agreement" or the "Agreement") to produce a series of educational seminars or conferences. The Agreement was for a term of five calendar years (1998, 1999, 2000, 2001, and

2002), with an option to renew for an additional five years upon mutual agreement. A true and accurate copy of the InfowarCon Agreement is attached hereto as Exhibit 1.

10. Pursuant to the Agreement, all of the conferences conducted were to be marketed under the title InfowarCon. Interpact filed in 1998 to obtain federal trademark registration of the name *InfowarCon*, and assigned to MIS Training the right to use the name.

11. Under the terms of the Agreement, MIS Training paid to Interpact the sum of $25,000 upon signing the Agreement, and an additional $25,000 payable upon receipt from Interpact of certain materials relating to prior conferences sponsored by Interpact.

12. The Agreement further provided that profits (and losses) of the InfowarCon conferences were to be allocated 80 percent to MIS Training, and 20 percent to Interpact.

13. Pursuant to the InfowarCon Agreement, MIS Training produced and marketed conferences under the name InfowarCon in the United States and Europe. Conferences took place during each year of the Agreement, and were presented in cooperation with Interpact.

14. The InfowarCon Agreement contained an exclusivity clause which prohibited both MIS and Interpact during its five-year term from entering into "contractual agreements regarding this InfowarCon conference with other parties that would pose a competitive threat to either organization or to the conference."

15. Upon information and belief, Interpact entered into a contractual agreement as of October 9, 2002, to sell the InfowarCon conferences to Reed Exhibitions, a division of Reed Elsevier Inc., and to sponsor and promote InfowarCon conferences conducted by Reed Exhibitions.

16. The option to renew the InfowarCon Agreement after 2002 was not exercised.

17. The InfowarCon Agreement does not contain any restriction on activities of the parties after the expiration of its term. In particular, the Agreement places no restrictions on the right of either party to the Agreement to produce or market conferences on the topic of information warfare or other topics similar to those addressed by the conferences that were produced pursuant to the InfowarCon Agreement.

18. The Agreement also does not restrict MIS Training from benefiting from, profiting from, or otherwise using any of the materials or information it received during the term of the Agreement, from Interpact or elsewhere. It does not impose any obligation, after expiration of the Agreement's term, that either party cooperate with the other party or provide to the other party any material or information relating to the activities carried out under the Agreement. Moreover, the Agreement explicitly states that "[s]hould [Interpact] not complete this five-year arrangement, MIS will have the right to the name InfoWarCon and to continue these events on its own."

19. At the expiration of the term of the Agreement, Interpact (in conjunction with Reed Exhibitions) and MIS Training each produced their own respective conferences relating to the subject of information warfare. Interpact/Reed Elsevier marketed in 2003, and presented beginning September 30, 2003, a conference titled "InfowarCon." The conference brochure referred to the conference as the "10th Anniversary" of InfowarCon. For its part, on December 3-4, 2003, MIS Training produced a conference titled "The Forum on Information Warfare."

20. It was permissible for Interpact and MIS Training to compete by marketing and producing their own information warfare conferences after expiration of the InfowarCon Agreement.

21. MIS Training did not create any likelihood of confusing the public as to the source, origin, or endorsement of its information warfare conferences. MIS Training has not unlawfully infringed any rights of Interpact to the service mark, *InfowarCon*.

22. By letter dated March 2, 2004, Interpact, by its counsel, wrote to MIS Training, alleging that MIS Training had engaged in, and was continuing to engage in, unlawful trademark infringement under federal law. The letter also alleged that MIS Training had violated federal and state unfair competition laws as well as Florida's "Deceptive and Unfair Trade Practices Act"; and had engaged in copyright infringement, civil theft, breach of contract, and tortious interference with contractual relations. The letter threatened litigation "before March 21, 2004," and gave MIS Training 10 days to respond to a list of nine demands that included payment of $3,000,000.00 to Interpact.

23. As a result of that letter, MIS Training is under a reasonable and serious apprehension that it will imminently be sued by Interpact.

## COUNT I
### Declaratory Judgment (28 U.S.C. § 2201)

24. MIS Training repeats and realleges the allegations of paragraphs 1-23 as if set forth separately herein.

25. An actual controversy exists between MIS Training and Interpact relating to the matters described herein.

26. MIS Training is entitled to a declaration that it has not infringed on the service mark of defendant Interpact, and has not otherwise violated the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

WHEREFORE, MIS Training requests that the Court:

i. Declare that MIS Training has not committed trademark infringement, or otherwise violated the Lanham Act, 15 U.S.C. § 1051 *et seq.*, with respect to the service mark, *InfowarCon*;

ii. Award MIS Training its costs and reasonable attorney's fees; and

iii. Award MIS Training such other and further relief as this Court deems just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

MIS TRAINING INSTITUTE LLC
By its attorneys,

_____
Robert A. Bertsche, BBO# 555433
Jeffrey A. Dretler, BBO# 558953
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Dated: March 17, 2004