UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIS TRAINING INSTITUTE LLC,

Plaintiff,

v.

INTERPACT, INC.,

Defendant.

C.A. No. 04-10538-RGS

### OPPOSITION OF MIS TRAINING INSTITUTE LLC
### TO DEFENDANT'S MOTION TO STAY PROCEEDINGS

Plaintiff MIS Training Institute LLC ("MIS Training") hereby opposes defendant's "Motion to Stay Proceedings Pending Outcome of Plaintiff's Motion to Transfer Case Pending in Another Jurisdiction" ("Defendant's Motion to Stay").

There is no good cause to further delay the progress of this action, in which defendant's answer is already more than five weeks overdue. Defendant's Motion to Stay should be denied because: (1) defendant is already delinquent in filing its Answer in this case; and (2) the pending motion to which defendant refers will have no impact on defendant's obligations to answer MIS Training's Complaint in this case.

### Factual Background

This action seeks declaratory judgment of trademark non-infringement. It was commenced by plaintiff MIS Training on March 17, 2004, and defendant, Interpact, Inc., was served with process that very same day – nearly two months ago. Although by court

rule defendant's answer was due on April 6, 2004, defendant still has yet to file an Answer, and has not moved this Court for an extension of time.[1]

## Discussion

In support of its Motion to Stay, defendant argues that a motion to transfer is pending in a related case that defendant filed against plaintiff in Florida state court on March 19, 2004, and which MIS Training subsequently removed to federal district court. See Interpact, Inc. v. MIS Training Institute LLC, U.S.D.C., M.D. Fla., No. 8:04-CV-799-T-27MAP (the "Florida Action"). Interpact argues that to stay this action in Massachusetts, pending a ruling on the motion to transfer filed in the Florida Action, would serve "judicial economy" and would "preserve the resources of the parties" (Defendant's Motion to Stay, ¶ 6.)

That argument makes no sense. The motion to transfer pending in the Florida Action seeks a transfer of that action to this Court. The ruling on the Florida motion to transfer will have no impact on the defendant's obligations to answer the Complaint in this Massachusetts case. Whether the motion to transfer is allowed or denied, the claims against the defendant here remain the same.

Moreover, no motion has been filed to transfer this action from this Court. Regardless of the Florida federal district court's ruling on the motion to transfer, defendant Interpact will still be obligated to file an Answer to MIS Training's Complaint here. Thus, there is no economy to be achieved by delaying the progress of this action.

---

[1] Defendant did ask plaintiff for the courtesy of additional time to answer the Complaint, and plaintiff agreed to extensions that ended on May 4, 2004. However, defendant did not move this Court for any extension, nor file any stipulation in this Court. Moreover, plaintiff advised defendant on or about April 30, 2004, that it was not agreeing to any extension beyond May 4, 2004, and confirmed that decision to the defendant on May 5, 2004.

To the contrary, a stay will prejudice MIS Training and condone Interpact's flouting of this Court's procedures, rules, and deadlines. To the extent that defendant Interpact is permitted to stall this proceeding by obtaining a stay even after having missed the deadline for an answer, MIS Training is prejudiced by an inability to initiate discovery in this action that it has filed. MIS Training is also forced to operate that much longer under a cloud as to whether it has the right to engage in activities that Interpact has claimed to constitute trademark infringement.

For the foregoing reasons, plaintiff MIS Training asks that defendant's Motion to Stay be denied, and that defendant Interpact be ordered to answer or otherwise respond to the Complaint forthwith.

Respectfully submitted,

MIS TRAINING INSTITUTE LLC

By its attorneys,

_/s/ Robert A. Bertsche_
Robert A. Bertsche, BBO# 555433
Jeffrey A. Dretler, BBO# 558953
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated: May 13, 2004

**CERTIFICATION OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by mail) (by hand) on 5/13/04

_/s/ Robert A. Bertsche_

3