UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MIS TRAINING INSTITUTE LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-10538-RGS |
| INTERPACT, INC., | : |
| Defendant. | : |

**REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING OUTCOME OF PLAINTIFF'S MOTION TO TRANSFER CASE
PENDING IN ANOTHER JURISDICTION**

In its motion to stay, Defendant Interpact, Inc. ("Interpact") seeks only to conserve the resources of both the Court and the parties. It merely asks that it not be required to file a motion to dismiss (or, in the alternative, to transfer this case to Florida) until an already pending motion to transfer in the United States District Court for the Middle District of Florida (the "Florida Litigation") is resolved. The outcome of the motion to transfer in the Florida Litigation will, of course, impact the parties' positions in this litigation, and may affect this Court's decision on whether to retain jurisdiction over this litigation. It is premature to move to dismiss this litigation before the Florida court has ruled on the pending motion to transfer.

1.  <u>Interpact is not delinquent in responding to the Complaint.</u>

Plaintiff MIS Training Institute LLC ("MIS") has wrongly asserted that Interpact is "delinquent" in responding to the Complaint in this litigation. As noted in the footnote on page 2 of MIS's opposition brief, MIS agreed to extend the time for Interpact to

respond to the Complaint in this action until May 4, 2004. The parties' agreement did not require that Interpact's response be an Answer, as MIS seems to imply. Interpact filed the instant motion to stay on May 4, 2004, within the time agreed upon by the parties. Interpact's motion to transfer is therefore timely.

2. <u>Interpact will move to dismiss this action after the motion to transfer is decided in the Florida Litigation.</u>

Interpact has opposed MIS's motion to transfer the Florida Litigation. A copy of its opposition papers in that action are attached hereto as **Exhibit A**. Until the Florida court has ruled on the motion to transfer, there is little gained in briefing the same issues for this Court. If and when the time comes to brief those issues here, several factors favor resolving the parties' disputes in Florida.

First, notwithstanding that MIS filed this action two days before Interpact initiated the Florida Litigation, the "first-filed" presumption does not apply here because MIS precipitously filed this declaratory judgment action solely to gain an advantageous forum while Interpact was attempting to negotiate a non-judicial resolution of the dispute. This Court has strongly discouraged that type of "race to the courthouse" in an effort to "forum shop." See Davox Corp. v. Digital Sys., Int'l, Inc., 846 Supp. 144, 147-49 (D. Mass. 1993); see also Symbol Tech., Inc. v. Quantum Assoc., Inc., 2002 WL 225934, at *2-3 (D. Mass. Jan. 30, 2002); Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 124-25 (D. Mass. 2000).

Second, Interpact does not have sufficient "minimum contacts" with Massachusetts to be subject to personal jurisdiction here. Interpact has solicited no business from Massachusetts and has had virtually no contact with Massachusetts whatsoever. This is in sharp contrast to MIS, which conducts over 20 seminars per year

in Florida. Moreover, not one of the seminars and conferences conducted by the parties pursuant to the agreement at issue here was held in Massachusetts. Under these circumstances, Interpact is not subject to personal jurisdiction here. See Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999); Lyle Richards Int'l, Ltd. V. Ashworth, Inc., 132 F.3d 111, 113 (1st Cir. 1997); Nova Biomedical Corp. v. Moller, 629 F.2d 190, 197 (1st Cir. 1980); Boston Scientific Corp. v. Bonzel, 132 F. Supp. 2d 45, 50-51 (D. Mass. 2001); GSI Lumonics, Inc. v. Biodiscovery, Inc., 112 F. Supp. 2d. 99, 110 (D. Mass. 2000); Polaroid Corp. v. Feely, 889 F. Supp. 21, at 27 (D. Mass. 1995). Moreover, MIS has already subjected itself to jurisdiction in Florida, and the judicial system's interest in obtaining the most efficient resolution of the controversy favors the more comprehensive action, here the Florida Litigation. See Boston Scientific, 132 F. Supp. 2d at 51.

Third, as noted in the attached Exhibit A, the convenience factors also weigh in favor of litigating the parties' disputes in Florida. The vast majority of material witnesses do *not* reside in Massachusetts, as MIS has represented to the Florida court. Indeed, one of the key witnesses – MIS's former president, Michael Sobol – lives in both Florida *and* Massachusetts. Other MIS employees also make regular trips to Florida – to conduct at least 20 conferences per year in Florida. Therefore, MIS's presence in Florida would not constitute an undue hardship.

> 3. **MIS will not be prejudiced by a stay of this action because the Florida court has already ruled that the Florida Litigation may proceed in due course.**

At page 3 of its opposition brief, MIS asserts that it will be prejudiced if it is not allowed to proceed with discovery while its motion to transfer the Florida Litigation is

-3-

pending. MIS moved to stay the Florida Litigation, however, pending resolution of that same motion. Its claim of prejudice is thus pure makeweight.

Moreover, the Florida court recently denied MIS's motion to stay, thus clearing the way for discovery to proceed in that action. Indeed, Interpact has already served MIS with document requests in that action. To the extent that MIS truly wishes to begin discovery in earnest, it may do so in Florida.

WHEREFORE, for the foregoing reasons and for the reasons set forth in its original motion, Interpact respectfully requests that this Court stay this action pending resolution of MIS's motion to transfer in the Florida Litigation.

Respectfully submitted,

Dated: May 18, 2004

Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
(781) 749-7200

Counsel for Defendant Interpact, Inc.

### CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on May 18, 2004, I served a true and correct copy of the foregoing, by first class mail, to counsel for Plaintiff, Robert A. Bertsche, Esq., Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109.

Jason W. Morgan