UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIS TRAINING INSTITUTE LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-10538-RGS |
| INTERPACT, INC., | : |
| Defendant. | : |

**SUPPLEMENTAL FILING IN SUPPORT OF MOTION TO STAY
PROCEEDINGS PENDING OUTCOME OF PLAINTIFF'S MOTION TO
TRANSFER CASE PENDING IN ANOTHER JURISDICTION**

Defendant Interpact, Inc. ("Interpact") submits this supplemental filing to apprise the Court of additional information that may influence its decision on Interpact's motion to stay this case until resolution of an already pending motion to transfer in the United States District Court for the Middle District of Florida (the "Florida Litigation").

On May 21, 2004, Plaintiff MIS Training Institute LLC ("MIS") – the defendant in the Florida Litigation – filed its Answer and Counterclaims in the Florida Litigation. (See **Exhibit A**). In its Counterclaims, MIS concedes that the Florida court has jurisdiction over the subject matter of the dispute and has personal jurisdiction over MIS. Moreover, in addition to making many of the same substantive allegations in the Florida Litigation as it has here, MIS also has brought several claims in the Florida Litigation that were not asserted here. In addition to a claim for non-infringement (which mirrors this suit), MIS is seeking (1) cancellation of Interpact's trademark registration for

"InfowarCon"; (2) a declaration of invalidity of the "InfowarCon" mark; and (3) damages for breach of contract.

These additional substantive allegations are further proof that MIS anticipatorily "raced" – if not rushed – to the courthouse in the hopes of securing its home forum here in Massachusetts.

WHEREFORE, for the foregoing reasons and for the reasons set forth in its original motion, Interpact respectfully requests that this Court stay this action pending resolution of MIS's motion to transfer in the Florida Litigation.

Respectfully submitted,

Dated: May 26, 2004

Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
(781) 749-7200

Counsel for Defendant Interpact, Inc.

### CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on May 26, 2004, I served a true and correct copy of the foregoing, by first class mail, to counsel for Plaintiff, Robert A. Bertsche, Esq., Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109.

Jason W. Morgan

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERPACT, INC.,

Plaintiff,

v.

C.A. No. 8:04-CV-799-T-27MAP

MIS TRAINING INSTITUTE LLC,

Defendant.

## ANSWER OF DEFENDANT MIS TRAINING INSTITUTE LLC

Defendant MIS Training Institute LLC[1] ("MIS Training" or "Defendant") hereby answers and asserts defenses[2] to the Complaint of Interpact, Inc. ("Interpact" or "Plaintiff").

### First Defense

As its first defense, MIS Training responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and they are therefore denied.

2.  Defendant states that it is a Delaware limited liability company with a principal place of business in Massachusetts, and that it is a successor in interest to MIS Training Institute, Inc., a Massachusetts corporation. Defendant denies the remaining allegations of Paragraph 2.

---

[1] In the caption of the Complaint, Plaintiff refers to "MIS Training Institute, LLC," as the defendant, but in the introductory paragraph of the Complaint, Plaintiff refers instead to a non-existent entity denominated as "MIS Training, Inc." Service was made on MIS Training Institute, LLC, on whose behalf this Answer is filed. References to the "Defendant" and "MIS Training" herein are to MIS Training Institute, LLC.

[2] By delineating defenses, Defendant does not intend to shift, and is not shifting, the burdens of production or proof on any matter as to which Plaintiff has such burden.

3. Defendant admits that it is in the business of marketing and managing conferences, among other activities, and that some of its marketing takes place over the internet. Defendant denies the remaining allegations of paragraph 3.

4. Defendant admits that it has conducted one or more conferences and/or seminars in the State of Florida, and is without knowledge or information sufficient to form a belief as to the remaining allegations of the first sentence of Paragraph 4, which are therefore denied. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Denied.

7. Defendant admits that in 1997, Interpact and MIS Training entered into a written agreement, the terms of which speak for themselves; to the extent that the allegations of Paragraph 7 misstate or mischaracterize the agreement, they are denied. Defendant denies the remaining allegations of the first sentence of paragraph 7. Defendant denies the allegation that the document attached to the Complaint is a true and accurate copy of the agreement.

8. Defendant admits that conferences were held in September of 1998, 1999, 2000, 2001, and 2002, and, further answering, states that Plaintiff breached the agreement in 2002, thereby terminating it. Defendant denies the remaining allegations of Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and they are therefore denied.

10. Denied.

11. Defendant admits that it conducted a conference called "The Forum on Information Warfare" in the fall of 2003, and denies the remaining allegations of Paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

### COUNT I
("Trademark Infringement")

21. Denied.

22. Defendant incorporates its responses to Paragraphs 1 through 20 as if restated fully herein.

23. Denied.

24. Denied.

25. Denied.

26. Defendant admits that its president received a demand letter from Plaintiff's counsel dated March 2, 2004, and states that the demand letter speaks for itself. To the extent the allegations of Paragraph 26 misstate or mischaracterize the demand letter, the allegations are denied. Defendant admits that it did not pay, or offer to pay, $3,000,000.00 to Interpact. Defendant denies the remaining allegations of Paragraph 26.

27. Denied.

28. The allegations of Paragraph 28 are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 28 are denied.

- 3 -

## COUNT II
("Tortious Interference with Contractual Relationship")

29. Denied.

30. Defendant incorporates its responses to Paragraphs 1 through 28 as if restated fully herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. The allegations of Paragraph 36 are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 36 are denied.

## COUNT III
("Violation of Fla. Stat. Chapter 501")

37. Denied.

38. Defendant incorporates its responses to Paragraphs 1 through 36 as if restated fully herein.

39. The allegations of Paragraph 39 are conclusions of law, to which no response is required. To the extent a response is required, the allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are conclusions of law, to which no response is required. To the extent a response is required, the allegations of Paragraph 40 are denied.

41. The Complaint contains no paragraph numbered 41.

42. Denied.

43. Denied.

- 4 -

44. Denied.

45. The allegations of Paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 45 are denied.

46. Denied.

## Second Defense

Plaintiff's Complaint is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

## Third Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of MIS Training's goods or services, or that MIS Training's goods or services are associated with, or endorsed by, Plaintiff.

## Fourth Defense

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's breach of contract.

## Fifth Defense

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's abandonment of its mark.

## Sixth Defense

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

## Seventh Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Eighth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of waiver.

### Ninth Defense

Plaintiff's Complaint is barred, in whole or in part, because the Plaintiff acquiesced to Defendant's use of the term, "InfowarCon."

### Tenth Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff granted permission and/or a license to Defendant for use of the term, "InfowarCon."

### Eleventh Defense

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff abandoned the trademark.

### Twelfth Defense

Plaintiff's Complaint is barred, in whole or in part, because Defendant's use of the trademark, if any, constituted fair use.

### Thirteenth Defense

Plaintiff's Complaint is barred, in whole or in part, because the Plaintiff has suffered no damages.

### Fourteenth Defense

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### Fifteenth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches.

### Sixteenth Defense

Plaintiff's Complaint is barred, in whole or in part, because this Court is the improper venue for this action.

### Seventeenth Defense

Plaintiff's Complaint is barred, in whole or in part, because the allegedly infringed mark is generic.

### Eighteenthth Defense

Plaintiff's Complaint is barred, in whole or in part, because the allegedly infringed mark is merely descriptive.

### Nineteenth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Twentieth Defense

Plaintiff's Complaint is barred, in whole or in part, because its claims arising from the use of the term "InfowarCon" are not for lawful rights such as may be granted pursuant to Title 15 of the United States Code.

### Twenty-First Defense

Count II is barred because any harm to the business relationship between Plaintiff and Reed Elsevier was not caused by any intentional act of MIS Training.

### Twenty-Second Defense

Count II is barred because any interference to the business relationship between Plaintiff and Reed Elsevier that resulted from acts by MIS Training was justified by the privilege of lawful competition.

- 7 -

## COUNTERCLAIMS

1. Defendant and Plaintiff-in-Counterclaim MIS Training Institute LLC, successor in interest to MIS Training Institute, Inc., a Massachusetts corporation, is a Delaware limited liability company with a principal place of business at 498 Concord Street, Framingham, Massachusetts ("MIS Training"). MIS Training is in the business of marketing and conducting conferences and workshops on a wide variety of topics, including information warfare.

2. Plaintiff and Defendant-in-Counterclaim Interpact, Inc. ("Interpact") is, upon information and belief, a Delaware corporation with a principal place of business at 11511 Pine Street, Seminole, Florida. Upon information and belief, Interpact is in the business of information technology security and consulting on security issues.

3. Jurisdiction in this Court is proper because this action arises under federal law, namely the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a)(trademarks), and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act).

4. On or about December 3, 1997, the parties entered into an agreement (the "InfowarCon Agreement" or the "Agreement") to produce a series of educational seminars or conferences. The Agreement was for a term of five calendar years (1998, 1999, 2000, 2001, and 2002), with an option to renew for an additional five years upon mutual agreement.

5. Pursuant to the Agreement, all of the conferences conducted were to be marketed under the title InfowarCon, and Interpact assigned to MIS Training the right to use the name.

6. Under the terms of the Agreement, MIS Training paid to Interpact the sum of $25,000 upon signing the Agreement, and an additional $25,000 payable upon receipt from Interpact of certain materials relating to prior conferences sponsored by Interpact.

TPA#1907276.1

- 8 -

7. The Agreement further provided that profits (and losses) of the InfowarCon conferences were to be allocated 80 percent to MIS Training, and 20 percent to Interpact.

8. Pursuant to the InfowarCon Agreement, MIS Training produced and marketed conferences under the name InfowarCon in the United States and Europe. Conferences took place during each year of the Agreement, and were presented in cooperation with Interpact.

9. The InfowarCon Agreement contained an exclusivity clause which prohibited both MIS and Interpact during its five-year term from entering into "contractual agreements regarding this InfowarCon conference with other parties that would pose a competitive threat to either organization or to the conference."

10. Upon information and belief, Interpact entered into a contractual agreement as of October 9, 2002, to sell the InfowarCon conferences to Reed Exhibitions, a division of Reed Elsevier Inc., and to sponsor and promote InfowarCon conferences conducted by Reed Exhibitions.

11. The option to renew the InfowarCon Agreement after 2002 was not exercised.

12. The InfowarCon Agreement does not contain any restriction on activities of the parties after the expiration of its term. In particular, the Agreement places no restrictions on the right of either party to the Agreement to produce or market conferences on the topic of information warfare or other topics similar to those addressed by the conferences that were produced pursuant to the InfowarCon Agreement.

13. The Agreement also does not restrict MIS Training from benefiting from, profiting from, or otherwise using any of the materials or information it received during the term of the Agreement, from Interpact or elsewhere. It does not impose any obligation, after expiration of the Agreement's term, that either party cooperate with the other party or provide to the other

party any material or information relating to the activities carried out under the Agreement. Moreover, the Agreement explicitly states that "[s]hould [Interpact] not complete this five-year arrangement, MIS will have the right to the name InfoWarCon and to continue these events on its own."

14. At the expiration of the term of the Agreement, Interpact (in conjunction with Reed Exhibitions) and MIS Training each produced their own respective conferences relating to the subject of information warfare. Interpact/Reed Elsevier marketed in 2003, and presented beginning September 30, 2003, a conference titled "InfowarCon." The conference brochure referred to the conference as the "10th Anniversary" of InfowarCon. For its part, on December 3-4, 2003, MIS Training produced a conference titled "The Forum on Information Warfare."

15. It was permissible for Interpact and MIS Training to compete by marketing and producing their own information warfare conferences after expiration of the InfowarCon Agreement.

16. MIS Training did not create any likelihood of confusing the public as to the source, origin, or endorsement of its information warfare conferences. MIS Training has not unlawfully infringed any rights of Interpact to the service mark, *InfowarCon*.

17. By letter dated March 2, 2004, Interpact, by its counsel, wrote to MIS Training, alleging that MIS Training had engaged in, and was continuing to engage in, unlawful trademark infringement under federal law. The letter also alleged that MIS Training had violated federal and state unfair competition laws as well as Florida's "Deceptive and Unfair Trade Practices Act"; and had engaged in copyright infringement, civil theft, breach of contract, and tortious interference with contractual relations. The letter threatened litigation "before March 21, 2004,"

and gave MIS Training 10 days to respond to a list of nine demands that included payment of $3,000,000.00 to Interpact.

18. Interpact filed this action on March 19, 2004, alleging trademark infringement.

## COUNT I
### Declaratory Judgment of Non-Infringement

19. MIS Training repeats and realleges the allegations of paragraphs 1-18 as if set forth separately herein.

20. An actual controversy exists between MIS Training and Interpact relating to the matters described herein.

21. MIS Training is entitled to a declaration that it has not infringed on the service mark of defendant Interpact, and has not otherwise violated the Lanham Act, 15 U.S.C. §§ 1051 et seq.

## COUNT II
### Cancellation of Interpact's Trademark Registration

22. MIS Training repeats and realleges the allegations of paragraphs 1-21 as if set forth separately herein.

23. Interpact has obtained service mark registration for the mark "INFOWARCON" for "Educational seminars, namely, seminars aimed at protecting information and computer systems against crime, unauthorized access or use and industrial espionage," claiming first use in September, 1993.

24. The "INFOWARCON" mark was registered on May 11, 1999, Registration No. 2,244,642.

25. MIS Training has standing to challenge the registration of the "INFOWARCON" mark.

26. The "INFOWARCON" mark has become a generic name for the goods or services for which it is registered.

27. The "INFOWARCON" mark is merely descriptive of the goods or services for which it is registered.

28. Interpact has abandoned the mark, "INFOWARCON," through its own conduct, including acts of omission as well as commission, and has caused the mark to lose its significance as an indication of origin.

29. MIS Training believes that it has been or will be damaged by continuance of Registration No. 2,244,642, Interpact's service mark "INFOWARCON," because Interpact has charged Interpact with infringement of the mark "INFOWARCON" as covered by said registration, even though the mark has been abandoned and is generic or merely descriptive, and unless the registration is canceled as null and void Interpact will persist to assert the registration.

## COUNT III
### Declaratory Judgment of Invalidity of Trademark

30. MIS Training repeats and realleges the allegations of paragraphs 1-29 as if set forth separately herein.

31. An actual controversy exists between MIS Training and Interpact relating to the matters described herein.

32. MIS Training has standing to challenge the validity of the "INFOWARCON" mark.

33. MIS Training is entitled to a declaration that the "INFOWARCON" mark is invalid.

## COUNT IV
### Breach of Contract

34. MIS Training repeats and realleges the allegations of paragraphs 1-33 as if set forth separately herein.

35. The InfowarCon Agreement was a valid contract.

36. Interpact materially breached the InfowarCon Agreement by its acts and omissions, including but not limited to its breach of the agreement's exclusivity clause.

37. MIS Training suffered damages as a result of Interpact's breach.

38. Because Interpact breached, and therefore did not complete, the InfowarCon Agreement, MIS has the exclusive right to use and own the InfowarCon mark and to conduct conferences under the name, "InfowarCon."

WHEREFORE, MIS Training requests that the Court:

   i. Dismiss Interpact's Complaint with prejudice, and with costs to the Defendant;

   ii. Declare that MIS Training has not committed trademark infringement, or otherwise violated the Lanham Act, 15 U.S.C. § 1051 *et seq.*, with respect to the service mark, *InfowarCon*;

   iii. Declare that the INFOWARCON mark is invalid;

   iv. Require that Registration No. 2,244,642 be cancelled;

   v. Award MIS Training its costs and reasonable attorney's fees; and

   vi. Award MIS Training such other and further relief as this Court deems just and proper.

**DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

TPA#1907276.1

- 13 -

Respectfully submitted,

MIS TRAINING INSTITUTE LLC

By its attorneys,

*/s/ Marty Solomon*

Andrew C. Greenberg
Florida Bar Number 996726
Marty J. Solomon
Florida Bar Number 0523151
CARLTON FIELDS, P.A.
One Harbour Place
777 South Harbour Island Drive (33602)
P.O. Box 3239
Tampa, Florida 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

and

Robert A. Bertsche
Jeffrey A. Dretler
PRINCE LOBEL GLOVSKY & TYE, LLP
585 Commercial Street
Boston, Massachusetts 02109-1024
Telephone: (617) 456-8000
Facsimile: (617) 456-8100
[Admitted pro hac vice]

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was furnished to Terrence S. Buchert, P.O. Box 47121, St. Petersburg, Florida 33743, by U.S. Mail, this 21st day of May, 2004.

_____
Attorney