UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIS TRAINING INSTITUTE LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-10538-RGS |
| INTERPACT, INC., | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA**

Defendant Interpact, Inc. ("Interpact"), by and through its counsel, hereby submits this

motion to dismiss the suit brought by Plaintiff MIS Training Institute LLC ("MIS"), or, in the

alternative, to transfer venue to the U.S. District Court for the Middle District of Florida. In

support of this motion, Interpact submits a memorandum of law, the Affidavit of Terrence S.

Buchert, and the Affidavit of Winn Schwartau.

MIS duped Interpact into settlement discussions – causing Interpact to undertake efforts

to get information to MIS instead of filing suit in Florida – while MIS itself was preparing to file

a declaratory judgment suit here in Massachusetts. MIS's strategic ploy came on the heals of a

letter sent by Interpact to MIS, demanding that MIS cease its infringement of Interpact's

registered trademark "InfowarCon" and that MIS reimburse Interpact for damages caused by

MIS. MIS filed suit here. Interpact filed suit in Florida two days later.

The typical "first-filed" preference has no weight here, where MIS has misused the

declaratory relief process to cheat Interpact out of its right to litigate in its chosen forum, and

instead force Interpact to litigate in this distant forum. MIS should not be rewarded for precipitously filing its declaratory judgment action simply to gain an advantageous forum while Interpact was attempting in good faith to negotiate a non-judicial resolution of the dispute. Because such a preemptive strike misuses the declaratory relief process, this Court should use its discretion to dismiss this suit.

This case also should be dismissed because Interpact lacks the requisite "minimum contacts" with Massachusetts to be subject to personal jurisdiction here. Interpact has solicited no business from Massachusetts and has had virtually no contact with Massachusetts. Because it would be unfair and unreasonable to force Interpact to litigate here, this Court should dismiss this action, or, in the alternative, transfer venue to the Middle District of Florida.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in the supporting memorandum of law and the corresponding affidavits, Interpact respectfully requests that the Court grant this motion and dismiss this case in its entirety. Alternatively, Interpact requests that the Court transfer venue to the Middle District of Florida.

Respectfully submitted,

Dated: June 11, 2004

Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
(781) 749-7200

Terrence S. Buchert (*pro hac vice*)
P.O. Box 47121
St. Petersburg, FL 33743
(727) 302-0351

*Attorneys for Defendant*

- 2 -

TOTAL P.04

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on June 11, 2004, I served a true and correct copy of the foregoing, by first class mail, to counsel for Plaintiff, Robert A. Bertsche, Esq., Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109.

Jason W. Morgan

JUN-11-2004  15:20       DROHAN HUGHES HOFFMAN       1 781 740 4335    P.04/04