UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

MIS TRAINING INSTITUTE LLC,

   Plaintiff,

v.            Civil Action No. 04-10538-RGS

INTERPACT, INC.,

   Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA**

Defendant Interpact, Inc. ("Interpact"), by and through its counsel, hereby submits this memorandum of law in support of its motion to dismiss the suit brought by Plaintiff MIS Training Institute LLC ("MIS"), or, in the alternative, to transfer venue to the U.S. District Court for the Middle District of Florida.[1] In further support of its motion, Interpact submits the Affidavit of Terrence S. Buchert ("Buchert Aff.") and the Affidavit of Winn Schwartau ("Schwartau Aff.").

## INTRODUCTION

This case is a classic example of misuse of the declaratory judgment statute and a brazen attempt by MIS to cheat Interpact out of its right to litigate in its chosen forum and to force Interpact to litigate in this distant forum. MIS won this "race to the courthouse" by duping Interpact into settlement discussions and then filing a declaratory judgment action in this Court. A brief chronology of MIS's transparent litigation ploy is as follows:

---

[1] Interpact filed suit in the Middle District of Florida two days after MIS brought this suit. MIS has filed a motion to transfer that case to this Court, which motion is pending.

**March 2:** Interpact sent MIS a letter claiming infringement of Interpact's federally registered "InfowarCon" trademark. (Buchert Aff. ¶3, **Ex. A**).

**March 12:** MIS called Interpact and sent a response letter requesting documents in support of Interpact's infringement claim. (Buchert Aff. ¶4, **Ex. B**). Interpact emailed some of the requested information to MIS later that day. (Buchert Aff. ¶5, **Ex. C**).

**March 16:** Interpact faxed additional documents to MIS. (Buchert Aff. ¶6, **Ex. D**).

**March 17:** MIS preemptively filed suit in Massachusetts, without responding to Interpact.

**March 19:** Interpact filed suit in Florida.

Encouraged by MIS's request for information and MIS's apparent willingness to discuss settlement, Interpact refrained from filing suit in Florida. While Interpact undertook to search for the requested information and waited for MIS's response, MIS raced to the courthouse here in Massachusetts, in an attempt to deprive Interpact of its selected forum. While there typically is a preference in favor of a first-filed suit, that preference does not apply where, as here, a party (MIS) has precipitously filed its action for declaratory judgment simply to gain an advantageous forum while the other party (Interpact) was attempting in good faith to negotiate a non-judicial resolution of the dispute. Interpact is the true plaintiff here. MIS filed this suit to "forum shop" and to avoid facing a Florida jury. Because such a preemptive strike misuses the declaratory relief process, this Court should use its discretion to dismiss this suit.

This case also should be dismissed because Interpact lacks the requisite "minimum contacts" with Massachusetts to be subject to personal jurisdiction here. Interpact has solicited no business from Massachusetts and has had virtually no contact with Massachusetts. Because it would be unfair and unreasonable to force Interpact to litigate here, this Court should dismiss this action, or, in the alternative, transfer venue to the Middle District of Florida.

## FACTUAL BACKGROUND

In 1997, MIS and Interpact entered into a five-year joint venture agreement (the "Agreement). The Agreement required that they work together to promote, market, and conduct annual conferences on information security under the name "InforwarCon", a concept originally developed by Winn Schwartau, the president of Interpact. As part of the Agreement, Interpact applied for and obtained a federal trademark of the name, and then assigned the use of that name to the joint venture for the term of the Agreement. (Schwartau Aff. ¶¶4-10.)

When the relationship was not renewed in 2002, Interpact retained the exclusive rights to the "InfowarCon" trademark. (Schwartau Aff. ¶10.) Interpact then contracted with a third party, Reed Exhibitions, for a 20-year relationship for use of the name and concept. (Schwartau Aff. ¶11.) MIS had full knowledge that Interpact intended to use the trademarked name to conduct annual conferences with Reed Exhibitions. Nevertheless, MIS continued to use the "InforwarCon" mark to advertise its own competing conference in 2003, which it called "The Forum on Information Warfare". (Schwartau Aff. ¶12.)

## ARGUMENT

A. **This case should be dismissed because MIS has misused the declaratory relief process to deprive Interpact of its selected forum in Florida.**

MIS commenced this litigation *two days* before Interpact filed suit in Florida. While there typically is a "first-filed" preference, there are compelling circumstances here to rebut that preference. While Interpact was attempting to work within the sound judicial policy of promoting extrajudicial dispute resolution before initiating suit, MIS was simply keeping Interpact at bay while it crafted its declaratory judgment filing. MIS should not be permitted to

benefit from Interpact's good faith and judicially-responsible decision to defer filing suit while the parties continued their out-of-court negotiations.

This Court has held that the first-filed rule is not a rigid one and that the preference for first-filed action can be rebutted under circumstance present here. See Davox Corp. v. Digital Sys., Int'l, Inc., 846 Supp. 144, 147-49 (D. Mass. 1993); see also Symbol Tech., Inc. v. Quantum Assoc., Inc., 2002 WL 225934, at *2-3 (D. Mass. Jan. 30, 2002); Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 124-25 (D. Mass. 2000); Subaru of New England, Inc. v. Lakes Subaru, Ltd., 1999 WL 33471946, at *3 (D. Mass. April 26, 1999); Lexington Ins. Co. v. City of Phoenix, 1996 WL 463672, at *1-3 (D. Mass. July 31, 1996). Courts such as these "frown upon" the "tactical move" employed by MIS to secure forum here, considering it a misuse of the declaratory relief process. See Lexington Ins., 1999 WL 33471946, at *3.

For example, in Davox, under facts very similar to this case, the Court declined to exercise personal jurisdiction over the defendant. The Court noted that while the initial demand from counsel for the infringed party was ominous enough to generate a reasonable apprehension of a lawsuit, it also invited the infringing party to address those concerns and attempted to avoid potentially expensive and time-consuming litigation. Instead, the infringing party initiated preemptive litigation in another forum. The Court declined to reward "conduct which was inconsistent with the sound judicial policy of promoting extra judicial dispute resolution and conservation of judicial resources." Davox, 846 Supp. at 148. It held that:

> Here, [the plaintiff] should not be permitted to take advantage of the fact that [the defendant] responsibly deferred filing potentially protracted and expensive litigation and, indeed, was perhaps misled into believing it would not be prejudiced by doing so by [the plaintiff's] responses to its letters.

JUN-11-2004 14:42    DROHAN HUGHES HOFFMAN    1 781 740 4335    P.05/13

Id.

In <u>Symbol</u>, the Court also rejected a plaintiff's attempt to forum shop by creating the appearance that it would entertain settlement, but then filing a preemptive suit. See <u>Symbol</u>, 2002 WL 225934. The Court held that any arguments in favor of keeping the case in Massachusetts were "weakened by the strong indication that its decision to file [there was] an attempt at forum shopping." <u>Id.</u> at *3. The plaintiff had brought a declaratory relief action a mere *one month* after being notified of the dispute. In rejecting the first-filed preference, the Court sought to prevent a party from misusing the declaratory relief statute "to gain a procedural advantage and preempt the forum choice" of the proper plaintiff. <u>Id.</u>

In <u>Kleinerman</u>, the Court denied a motion to transfer a *second*-filed action in Massachusetts because the first-filed California action was nothing more than a "race to the courthouse." <u>Kleinerman</u>, 107 F. Supp. 2d at 124. It noted that the first-to-file California plaintiff "pounce[ed] preemptively" to beat the Massachusetts plaintiff in securing the forum. Kleinerman involved patent infringement, but the Court's holding is persuasive:

> This Court is persuaded that in the patent infringement cases, where 1) the patentee notifies an alleged infringer of suspected infringement, 2) good faith negotiations ensue and 3) the alleged infringer then files a declaratory judgment action in another forum, a subsequently-filed action by the patentee in the nature of patent infringement filed within a reasonable time after the first action is entitled to some deference and that the "first-filed rule" will not be dispositive.

<u>Id.</u> at 124-25.

Here, Interpact initiated contact with MIS. It is obvious that the discussions that followed were aimed at a possible out-of-court resolution. In response to an inquiry by MIS's counsel for evidence of the claimed infringement, Interpact's counsel undertook to provide a portion of the

- 5 -

evidence – four emails were sent with attached examples of the actions described in the demand letter. (Buchert Aff. ¶5, **Ex. C**.) Interpact's counsel later faxed MIS's counsel a copy of the agreement terminating Interpact's relationship with Reed Exhibitions. (Buchert Aff. ¶6, **Ex. D**.)

Interpact's counsel thought he was negotiating a possible settlement, as is shown by the disclaimer that all information was being provided as part of protected settlement discussions. (Buchert Aff., **Ex. C**.) At no time did MIS's counsel indicate that he was even contemplating taking the dispute to court. Interpact's counsel was blind-sided when he learned that MIS had filed suit in Massachusetts concerning the very issues that he had been negotiating with MIS's counsel just a day earlier. (Buchert Aff. ¶10.)

Under these circumstances, the Court should use the discretion bestowed upon it under the declaratory relief statute to dismiss this action. See <u>Fuller Co. v. Ramon I. Gil, Inc.</u>, 782 F.2d 306, 309 (1st Cir. 1986). It should follow the numerous other courts that have exercised that discretion where they have concluded that a declaratory relief suit was anticipatory. See <u>Lexington Ins.</u>, 1996 WL 463672, at *3 (citing cases).

B.  **This case should be dismissed because Interpact is not subject to personal jurisdiction in Massachusetts.**

MIS duped Interpact into refraining from filing suit in Florida and thus won the race to the courthouse by filing suit in Massachusetts. In its haste, however, MIS overlooked that Interpact does not have sufficient "minimum contacts" with Massachusetts to be subject to personal jurisdiction here. Interpact has solicited no business from Massachusetts and has had virtually no contact with Massachusetts whatsoever. This is in sharp contrast to MIS, which conducts over 20 seminars per year in Florida. Moreover, not one of the seminars and

- 6 -

conferences conducted by the parties pursuant to the Agreement was held in Massachusetts. Under Massachusetts law, Interpact is not subject to personal jurisdiction in Massachusetts. This Court should therefore dismiss this action.

It is well settled in Massachusetts that the plaintiff bears the burden of proving the existence of personal jurisdiction. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995); Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995); LaVallee v. Parrot-Ice Drink Products of Am., Inc., 193 F. Supp. 2d 296, 298 (D. Mass. 2002). MIS thus must present "specific facts" to support its claim of personal jurisdiction there. LaVallee, 193 F. Supp. 2d at 298. This it cannot do.

Before subjecting a non-resident to its jurisdiction, this Court must find sufficient contacts that meet the requirements of both its long-arm statute and the due process clause of the Fourteenth Amendment. Nowak v. Tak How Inv., Ltd., 94 F.3d 708, 712 (1st Cir. 1996); LaVallee, 193 F. Supp. 2d at 299-300. Even assuming that Interpact's sending of a demand letter to MIS in Massachusetts would satisfy the long-arm statute requirements, this Court must find that Interpact had direct contacts with Massachusetts sufficient to satisfy due process concerns other than the demand letter. Absent extensive and direct business activities in Massachusetts, this Court should not exercise personal jurisdiction over Interpact simply because it sent a demand letter to a Massachusetts resident. Nova Biomedical Corp. v. Moller, 629 F.2d 190, 197 (1st Cir. 1980); Boston Scientific Corp. v. Bonzel, 132 F. Supp. 2d 45, 50-51 (D. Mass. 2001); GSI Lumonics, Inc. v. Biodiscovery, Inc., 112 F. Supp. 2d 99, 110 (D. Mass. 2000); Polaroid Corp. v. Feely, 889 F. Supp. 21, at 27 (D. Mass. 1995).

The First Circuit uses a tripartite analysis to determine if sufficient contacts exist to exercise personal jurisdiction over a party. First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable. "An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999); see also Sawtelle, 70 F.3d at 1387-89; Clark v. City of St. Augustine, FL, 977 F. Supp. 541, 543 (D. Mass. 1997).

1. This declaratory judgment action does not arise out Interpact's activities in Massachusetts.

The first consideration under the Massachusetts tripartite framework is whether MIS's declaratory judgment action in Massachusetts arises out of or relates to Interpact's activities in Massachusetts. Sawtelle, 70 F. 3d at 1389. Here, there is no connection between the two.

"The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state." Id.; see also Phillips Exeter, 196 F.3d at 290. Moreover, the "mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state." Phillips Exeter, 196 F.3d at 290. This is especially true where, as here, "most performance required from [MIS] was to be rendered *outside* of Massachusetts." Lyle Richards Int'l, Ltd. V. Ashworth, Inc., 132 F.3d 111, 113 (1st Cir. 1997).

- 8 -

Interpact conducts no business in Massachusetts. The Agreement itself was negotiated via telephone and facsimile. (Schwartau Aff. ¶5.) Schwartau traveled only once to Massachusetts in connection with the joint venture, whereas MIS has conducted at least 20 conferences per year in Florida, and its representatives traveled to Florida in connection with the joint venture on several occasions. (Schwartau Aff. ¶¶6-9, 13.) As was the case in Lyle Richards, the Agreement "did not even require that the internal administrative functions actually conducted by [MIS] in Massachusetts be performed there." Lyle Richards, 132 F.3d at 113. Thus, the fact that MIS organized the out-of-state conferences and seminars from its Massachusetts offices is completely irrelevant.

MIS also cannot meet the "arising out of" requirement because this litigation seeks only a declaration of non-infringement of Interpact's "InfowarCon" trademark. Under the federal trademark laws, a declaration of non-infringement is not specific to any particular forum. Other than the fact that it is located in Massachusetts, MIS's infringing activities are not specific to Massachusetts.

2. <u>Interpact did not avail itself of the privilege of doing business in Massachusetts and thus it was not foreseeable that Interpact would be haled into court here.</u>

Interpact has not purposefully availed itself of the privilege of conducting business in Massachusetts, such that it could foresee being brought into court there. Sawtelle, 70 F.3d at 1391; Boston Scientific, 132 F. Supp. 2d at 51. It is not enough that Interpact contracted with a company located in Massachusetts. "Without evidence that the defendant actually reached out to the plaintiff's state of residence to create a relationship – say, by solicitation – the mere fact that the defendant willingly entered into a tendered relationship does not carry the day." Phillips Exeter, 196 F.3d at 290.

Interpact does not advertise or solicit business in Massachusetts. It does not benefit from the Commonwealth's laws or regulations. The mere fact that Interpact maintains a general internet presence, without more, is not sufficient to subject it to jurisdiction here. Comer v. Comer, 295 F. Supp. 2d 201, 210 (D. Mass. 2003). Other than its having contracted with MIS to conduct conferences *outside of Massachusetts*, Interpact has had virtually no contact with this state. "The very exiguousness of these contacts suggests that [Interpact] could not reasonably have foreseen its susceptibility to suit in a [Massachusetts] court." Phillips Exeter, 196 F.3d at 292; see also Boston Scientific, 132 F. Supp. 2d at 51. MIS thus cannot satisfy the second prong of the Massachusetts tripartite analysis.

3. **The Massachusetts court's exercise of jurisdiction over Interpact would be unfair and unreasonable.**

It also would be unreasonable for the Massachusetts court to exercise jurisdiction over Interpact. The judicial system's interest in obtaining the most efficient resolution of the controversy favors the more comprehensive action – in this case, the Florida action. Id. The Florida litigation involves the single claim present here, plus one common law claim and one Florida-specific statutory claim. Those other two claims are not merely derivative of the infringement claim, and a Florida court is better equipped than a Massachusetts court to hear and consider evidence regarding Florida state law claims. See Subaru of New England, 1999 WL 33471946, at *3.

It also is relevant that MIS has filed counterclaims in the Florida litigation that are substantially broader than the single declaratory judgment claim that it filed in this case, and that it has thus subjected itself to jurisdiction in Florida. See Boston Scientific, 132 F. Supp. 2d at 51. MIS can obtain the relief it is seeking in that action, which will resolve the infringement

issue and several other pendent state law issues. Florida thus has a greater adjudicatory interest in the outcome of the dispute than does this Court. It would be more efficient, for the courts and the parties, to resolve all of their disputes in that forum.

## CONCLUSION

For the foregoing reasons, Interpact respectfully requests that the Court grant this motion and dismiss this case in its entirety. Alternatively, Interpact requests that the Court transfer venue to the Middle District of Florida.

Dated: June 11, 2004

Respectfully submitted,

_____
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
(781) 749-7200

Terrence S. Buchert (*pro hac vice*)
P.O. Box 47121
St. Petersburg, FL 33743
(727) 302-0351

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on June 11, 2004, I served a true and correct copy of the foregoing, by first class mail, to counsel for Plaintiff, Robert A. Bertsche, Esq., Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109.

_____
Jason W. Morgan

- 11 -

TOTAL P.13

## LOCAL RULE 7.1(A)(2) CERTIFICATION OF COUNSEL

I, Jason W. Morgan, hereby certify that, on several occasions, including as late as June 9, 2004, both Terrence S. Buchert, Esq. and I spoke with MIS's counsel, Robert A. Bertsche, Esq., in a good faith attempt to narrow the issues presented herein.

_____
Jason W. Morgan

- 12 -