UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERPACT, INC.,

        Plaintiff,

vs.                              Civil Action No. 8:04-CV-799-T-27MAP

MIS TRAINING INSTITUTE LLC,

        Defendant.
_____/

## REPLY IN SUPPORT OF MOTION TO TRANSFER

Defendant MIS Training Institute LLC ("MIS Training" or "Defendant") submits this Reply in order to address plaintiff's assertion, raised for the first time in its Opposition to MIS Training's Motion to Transfer, that Interpact is not subject to personal jurisdiction in the action pending against it in Massachusetts (the "Massachusetts Action"). The Massachusetts court *does* have personal jurisdiction over Interpact. Even if it didn't, however, that should not be a factor in deciding the motion, because Interpact, *as plaintiff*, could have brought the action in that court.

I.    **Whether the Massachusetts Court Has Jurisdiction Over Interpact in the Massachusetts Action Should Not Influence This Court's Transfer Decision.**

The proper inquiry on a motion to transfer is whether Massachusetts would have been a proper venue for Interpact (as a *plaintiff*) to have brought claims against MIS Training – not whether original jurisdiction and venue would lie as to Interpact as a *defendant*. Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district … where it might have been brought." As the Southern District

TPA#1913120.1

noted in R.E.F. Golf Company v. Roberts Metals, 1992 U.S. Dist. LEXIS 10137 at *5-6 (S.D. Fla.), "the key in determining whether an action might have been brought is whether the *defendant* would be subject to the court's jurisdiction." (Emphasis added.) The transfer statute is satisfied because it is undisputed that Interpact could have filed the instant action in Massachusetts. Should this Court transfer this case to Massachusetts, Interpact will be free to pursue its claims in that forum.

II.     **The Massachusetts Court Should Be Given an Opportunity to Decide Whether it Has Personal Jurisdiction Over Interpact.**

Interpact has asked this Court in the Middle District of Florida to decide whether the *Massachusetts* court has personal jurisdiction over Interpact in the *Massachusetts Action* – even though Interpact long delayed asking the same question of the Massachusetts court itself.[1] The principle of comity advises that the court hearing a first-filed action is the one to decide first – before the court hearing the second-filed action – whether it will hear the action before it. See Supreme International Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606-608 (S.D. Fla. 1997)(staying second-filed case until first-filed forum decides whether to keep declaratory judgment action filed *five days earlier*); accord New England Machinery, Inc. v. Conagra Pet Products, 827 F. Supp. 732, 735 (M.D. Fla. 1993). Because the Massachusetts Action was filed before this one, the Massachusetts court should be permitted to decide whether it will exercise personal

---

[1] Rather than file its own motion to transfer in Massachusetts, Interpact simply did not file any responsive pleading in the Massachusetts Action, then moved to stay the Massachusetts Action pending this Court's ruling on this motion to transfer. The Massachusetts court denied Interpact's motion to stay on June 2, 2004. Interpact had not filed any jurisdictional motion or defense in that action until Friday June 11, when MIS Training was served, via electronic filing, with Interpact's motion to stay or, in the alternative, to transfer, which has now placed the issue before the proper court. (See docket sheet in Massachusetts Action, Ex. A hereto.).

jurisdiction over Interpact before this Court weighs in on the issue. <u>Texas Instruments, Inc. v. Micron Semiconductor, Inc.</u>, 815 F. Supp. 994, 999 (E.D. Tex. 1993).

### III. <u>Interpact Is Subject to Personal Jurisdiction in Massachusetts.</u>

Analysis of the Massachusetts long arm statute and of due process make clear that Massachusetts has personal jurisdiction over Interpact in the Massachusetts Action.

The Massachusetts long arm statute provides, in relevant part, that:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's ... transacting any business in this commonwealth [of Massachusetts]....

Mass. Gen. Laws c. 223A, § 3(a). Physical presence in Massachusetts is not required; rather, the court looks to whether the defendant attempted to participate in the Commonwealth's economic life. <u>See</u> <u>Fairview Mach. & Tool, Inc. v. Oakbrook Intern., Inc.</u>, 56 F. Supp. 2d 134 (D. Mass. 1999). As set out in detail in the Supplemental Declaration of Linda Burton ("Burton Supp. Decl."), filed herewith, Interpact has participated in the economic life of Massachusetts both on its own, and by entering into and participating in the five-year "joint venture" agreement with Massachusetts resident MIS Training. (<u>See</u> Complaint, ¶¶ 7-8, 32; Burton Decl. at Ex. 4; Burton Suppl. Decl. at ¶¶ 4-9; Affidavit of Winn Schwartau at ¶¶ 4, 7-9). Moreover, Interpact sent a demand letter into Massachusetts. (Burton Decl., at ¶ 3 & Ex. 1). This single purposeful act is enough, on its own, to satisfy the Massachusetts long arm statute. <u>See</u> <u>Nova Biomedical Corp. v. Moller</u>, 629 F.2d 190, 194 (1st Cir. 1980); <u>Polaroid Corporation v. Feely</u>, 889 F. Supp. 21, 25 (D. Mass. 1995) (the term "transacting any business" includes "any purposeful acts ... by an individual whether personal, private, or commercial").

Interpact's Massachusetts contacts are also sufficient to satisfy the Due Process Clause of the Fourteenth Amendment. As part of the five-year, renewable "joint venture" agreement, the parties jointly engaged in an extensive marketing campaign to promote the InfowarCon conferences between 1998 and 2002. (See Agreement, Ex. 4 to Burton Decl.) This marketing activity included, among other things, the mailing of hundreds of thousands of postcards and brochures to potential attendees, thousands of which were directly mailed to Massachusetts residents, soliciting their participation. (Burton Supp. Decl., ¶¶ 3-7.) Interpact received 20 percent of the profits from that venture, and asserts that it did 40 percent of the work. (Complaint, ¶ 7 & exhibit thereto; Interpact's Opp., at 3.) Thus, aside from Interpact's direct contacts, Interpact's participation in the "joint venture," which reached into Massachusetts to do business, and is now the subject of this lawsuit, satisfies the Due Process Clause. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cir. 2002)(for purposes of personal jurisdiction, the actions of an agent may be attributable to the principal); Champion Exposition Servs., Inc. v. Hi-Tech Electric, LLC, 273 F. Supp. 2d. 172, 178 (D. Mass. 2003)(defendant's entering into business arrangement with Massachusetts company rendered foreseeable the prospect of "being haled into a Massachusetts court").

IV. **A Massachusetts Corporation is a Key Non-Party Witness.**

Interpact's tortious interference claim, as well as its measure of harm from trademark infringement, is premised on its allegation that MIS Training's conduct caused Reed Exhibitions ("Reed") to end its relationship with Interpact. In preparing to serve a subpoena on Reed in the Massachusetts Action, MIS Training recently discovered that

Reed, an indispensable third party witness, is a division of Reed Elsevier, Inc., a Massachusetts Corporation. See Eye Care International, Inc. v. Underhill, 119 F. Supp.2d 1313, 1317-1318 (M.D. Fla. 2000)(compulsory process for witnesses and proof is important factor in considering transfer).

Respectfully submitted,

MIS TRAINING INSTITUTE LLC

By its attorneys,

*/s/ Marty Solomon*

Andrew C. Greenberg (FB#996726)
Marty J. Solomon (FB#523151)
CARLTON FIELDS, P.A.
One Harbour Place
777 South Harbour Island Drive (33602)
Tampa, Florida 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

and

Robert A. Bertsche
Jeffrey A. Dretler
PRINCE LOBEL GLOVSKY & TYE, LLP
585 Commercial Street
Boston, Massachusetts 02109-1024
Telephone: (617) 456-8018
Facsimile: (617) 456-8100
[Admitted *pro hac vice*]

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was furnished to Terrence S. Buchert, P.O. Box 47121, St. Petersburg, Florida 33743, by U.S. Mail, this 14th day of June, 2004.

*/s/ Marty Solomon*
Attorney

# Exhibit A

madei - Docket Report

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-10538-RGS

MIS Training Institute LLC v. Interpact, Incorporated
Assigned to: Judge Richard G. Stearns
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2201 Declaratory Judgement

Date Filed: 03/17/04
Jury Demand: None
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**MIS Training Institute LLC**   represented by **Jeffrey A. Dretler**
Prince, Lobel Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
617-456-8130
Fax : 617-456-8100
Email: jadretler@plgt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Bertsche**
Prince, Lobel Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
617-456-8018
Fax : 617-456-8100
Email: rbertsche@plgt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Interpact, Incorporated**   represented by **Terrence S. Buchert**
Law Firm of Terrence S. Buchert
67-7 First Avenue, S.
St. Petersburg, FL 33707
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason W. Morgan**
Drohan, Hughes, Hoffman & Tocchio,

P.C.
Suite 30
175 Derby Street
Hingham, MA 02043
781-749-7200
Fax : 781-740-4335
Email: jmorgan@dhhpc.com
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/17/2004 | 1 | COMPLAINT against Interpact, Incorporated Filing fee: $ 150, receipt number 54625, filed by MIS Training Institute LLC.(Flaherty, Elaine) (Entered: 03/18/2004) |
| 03/17/2004 |   | Summons Issued as to Interpact, Incorporated. (Flaherty, Elaine) (Entered: 03/18/2004) |
| 03/17/2004 |   | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Flaherty, Elaine) (Entered: 03/18/2004) |
| 03/25/2004 | 2 | SUMMONS Returned Executed Interpact, Incorporated served on 3/17/2004, answer due 4/6/2004. (Flaherty, Elaine) (Entered: 04/07/2004) |
| 05/04/2004 | 3 | NOTICE of Appearance by Jason W. Morgan on behalf of Interpact, Incorporated (Morgan, Jason) (Entered: 05/04/2004) |
| 05/04/2004 | 4 | MOTION to Stay *Proceedings Pending Motion to Transfer in Another Jurisdiction* by Interpact, Incorporated.(Morgan, Jason) (Entered: 05/04/2004) |
| 05/06/2004 | 7 | MOTION for Leave to Appear Pro Hac Vice by T. Buchert Filing fee $ 50., receipt number 55744. by Interpact, Incorporated.(Flaherty, Elaine) (Entered: 05/24/2004) |
| 05/13/2004 | 5 | Opposition re 4 MOTION to Stay *Proceedings Pending Motion to Transfer in Another Jurisdiction* filed by MIS Training Institute LLC. (Bertsche, Robert) (Entered: 05/13/2004) |
| 05/18/2004 | 6 | REPLY to Response to Motion re 4 MOTION to Stay *Proceedings Pending Motion to Transfer in Another Jurisdiction* filed by Interpact, Incorporated. (Attachments: # 1 Exhibit A)(Morgan, Jason) (Entered: 05/18/2004) |

| 05/24/2004 | | Judge Richard G. Stearns : Electronic ORDER entered granting 7 Motion for Leave to Appear Pro Hac Vice Added Terrence S. Buchert for Interpact, Incorporated (Flaherty, Elaine) (Entered: 05/24/2004) |
|---|---|---|
| 05/26/2004 | 8 | REPLY to Response to Motion re 4 MOTION to Stay *Proceedings Pending Motion to Transfer in Another Jurisdiction Supplemental Filing* filed by Interpact, Incorporated. (Morgan, Jason) (Entered: 05/26/2004) |
| 05/28/2004 | | Judge Richard G. Stearns : Endorsed ORDER entered denying 4 Motion to Stay (Flaherty, Elaine) (Entered: 06/01/2004) |
| 06/11/2004 | 9 | MOTION to Dismiss , *Or, In the Alternative, to Transfer Venue to the Middle District of Florida* by Interpact, Incorporated.(Morgan, Jason) (Entered: 06/11/2004) |
| 06/11/2004 | 10 | MEMORANDUM in Support re 9 MOTION to Dismiss , *Or, In the Alternative, to Transfer Venue to the Middle District of Florida* filed by Interpact, Incorporated. (Morgan, Jason) (Entered: 06/11/2004) |
| 06/11/2004 | 11 | AFFIDAVIT in Support re 9 MOTION to Dismiss , *Or, In the Alternative, to Transfer Venue to the Middle District of Florida Affidavit of Winn Schwartau*. (Morgan, Jason) (Entered: 06/11/2004) |
| 06/11/2004 | 12 | AFFIDAVIT in Support re 9 MOTION to Dismiss , *Or, In the Alternative, to Transfer Venue to the Middle District of Florida Affidavit of Terrence S. Buchert*. (Morgan, Jason) (Entered: 06/11/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/11/2004 16:29:21 | | | |
| PACER Login: | pl0230 | Client Code: | |
| Description: | Docket Report | Case Number: | 1:04-cv-10538-RGS |
| Billable Pages: | 2 | Cost: | 0.14 |