LAW OFFICES

# TERRENCE S. BUCHERT, P.A.

6707 FIRST AVENUE SOUTH
ST. PETERSBURG, FL 33707
P.O. Box 47121
St. Petersburg, FL 33743

Terrence S. Buchert

E-Mail: tsbgator@tampabay.rr.com
Website: www.lawyers.com/BUCHERTLAW

Phone (727) 302-0351
Fax (727) 345-0171

March 2, 2004

**Via fax (508) 872-1153, email (Lburton@Misti.Com) and U.S. Mail**

Linda Burton, President
MIS Training Institute, Inc.
498 Concord St.
Framingham, MA 01702-1153

Re: INFOWARCON

Dear Ms. Burton:

I represent Interpact, Inc., a Delaware Corporation, which maintains its office in Seminole, Florida. My client is the owner of United States Copyright registration for its products, as well as the Federal Trademark registered in the United States Patent and Trademark Office respecting the name "Infowarcon". I am writing to you regarding your company's unauthorized use of that name, and the damage it has caused my client.

In 1997 Interpact, Inc., and MIS Training Institute, Inc. entered into a written five-year joint venture agreement, in which my client assigned use of the name "Infowarcon" to the joint venture for marketing and production of an annual conference under that name. However, after the 2002 event, the agreement was not renewed. My client then negotiated a 20-year agreement to assign use of the name to Reed Exhibitions, a division of Reed Elsevier, Inc.

When my client and Reed Exhibitions attempted to market their conference in fall 2003, they learned that your company had continued to use the name for your own purposes - to market a competing conference. In fact, you simply recreated the same conference, using lists and other materials which belonged to my client. You used the name in your promotional brochures, embedding the trademarked name into your marketing materials so that internet search engines would direct inquiries to the MIS Training web site, and also intentionally employed security techniques that prohibited anyone from modifying the file and prevented my client, the owner of the name, from modifying it.

Your marketing included a deceptive electronic mass mailing campaign to prospective attendees and exhibitors which stressed that the name of the conference had simply been "renamed". This falsely implied to prospective speakers and attendees in a very public fashion that you actually had control of the registered trademark. Potential attendees were provided with a PDF file that contained the infringed trademark. Your telemarketing staff also left telephone messages explaining that the name had simply been changed. Some attendees and exhibitors from prior year's conferences were even offered "alumni" discounts.

Use of the registered trademark "Infowarcon" has already created confusion, deception and misrepresentation as to the source of the services being provided. Many persons even called my client asking for clarification of the changes. The resulting confusion caused by your acts contributed directly to a loss of expected profits for my client's 2003 conference. It has also now resulted in the cancellation of the long-term agreement by Reed Exhibitions, an action that will cost my client actual damages of at least $3,000,000.00 which it would have made over the life of the agreement.

Under the United States Copyright Act and Federal and State Trademark and Unfair Competition laws, Interpact, Inc. has the exclusive right to use of its trademarks and service marks, and to authorize --- or deny authorization --- to others for such use. Any unauthorized use of the name represents trademark infringement, and could subject you to all of the remedies of the United States Trademark Act and state statutes and common law. These include temporary and permanent injunctive relief; seizure, impoundment and destruction of infringing articles and the means to produce them; the award of money damages of up to $200,000 for *each* instance in which the trademark was infringed, and actual damages, which can be trebled due to the theft; disgorgement of any profits that you have been earned; and attorneys fees and costs.

Accordingly, we demand that your company immediately:

1. Cease and desist all use, adaptation, and distribution of the registered trademark "INFOWARCON" or any substantially similar name or mark;
2. Make arrangements through this office to deliver all infringing copies of INFOWARCON materials and the means to make them, for immediate destruction or other disposition;
3. Provide an accounting of all receipts and profits earned directly from your use of the registered trademark "INFOWARCON", those derived indirectly from events that were marketed and sold with the unauthorized embedded trademark in your literature on the Internet, as well as from email and telephone solicitations;
4. Cease and desist permanently from infringing my client's trademark and other intellectual property rights;
5. Remove all references with search engines, every Internet caches, ISP caches, PDFs, and html references to InfowarCon and INfowarCon2003 (which leads to MIS) at your expense;
6. Cease any and all references in writing or verbally, that the name InfowarCon has been changed, and publish a retraction on your website, calculated to reach those persons who received such false information;
7. Remove and document the removal of software, lists, or materials developed by Interpact, Inc. from all websites, brochures, and company computers and provide an affidavit certifying discontinued use of them;
8. Provide us with lists of attendees, sponsors, and exhibitors for the 1997-2002 conferences in XLS spreadsheet form, including amounts and methods of payment and full contact information; business cards, contacts and leads provided to you by Interpact, Inc., and complete mailing lists of conference prospects, attendees and exhibitors; and
9. Pay the amount of $3,000,000.00 to my client, an amount that approximates the total amount of damages which have been suffered by Interpact, Inc., along with those that it will suffer as a result of the cancellation of the agreement with Reed Exhibitions.

The causes of action available to my client include, in addition to the federal trademark infringement action, state law claims for breach of contract, civil theft, tortious interference with contractual relationship and violation of the Deceptive and Unfair Trade Practices Act. Should court action become necessary, my client will seek immediate injunctive relief against all use of the trademark, monetary damages which could easily exceed the amount stated above, attorney's fees and costs of litigation.

Please contact me to discuss these matters within ten (10) days of receipt of this letter. I also ask that you advise your Errors and Omissions insurer of this action, so that I can deal with that company directly regarding the claim. If I do not receive written assurance that you are ceasing this course of conduct and activities, and complying in all other respects with the demands outlined above, my instructions are clear, and suit will be filed before March 21, 2004.

PLEASE BE GOVERNED ACCORDINGLY.

Sincerely,


TERRENCE S. BUCHERT
cc: Winn Schwartau