UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIS TRAINING INSTITUTE LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTERPACT, INC.,<br><br>Defendant. | C.A. No. 04-10538-RGS |

### AFFIDAVIT OF ROBERT A. BERTSCHE

I, Robert A. Bertsche, do on oath depose and say as follows:

1.  My name is Robert A. Bertsche. I am a partner in the law firm of Prince, Lobel, Glovsky & Tye LLP, which I joined in 2003. I was previously a member of the Boston law firm of Hill & Barlow from 1997 until 2003, and before that an associate there since 1989. I am a member of the Massachusetts bar, and have been admitted to this Court since 1989. I make this affidavit based on my personal knowledge.

2.  I represent the plaintiff MIS Training Institute LLC ("MIS Training") in this action, which MIS Training commenced on March 17, 2004, as well as in an action subsequently filed against MIS Training and now pending in the United States District Court for the Middle District of Florida, titled Interpact, Inc. v. MIS Training Institute LLC, C.A. No. 8:04-CV-0799-T-27MAP (M.D. Fla.) (the "Florida Action"). MIS Training has moved to transfer the Florida Action to this Court, and that motion has been fully briefed and is pending before the Florida federal district court.

3. I responded on behalf of MIS Training to a demand letter dated March 2, 2004, which was sent from attorney Terrence Buchert on behalf of Interpact, Inc. ("Interpact") to Linda Burton, president of MIS Training. That letter stated, unambiguously, that Interpact would commence litigation against MIS Training "before March 21, 2004" unless MIS Training provided written assurance that it would comply "in all … respects" with a list of nine demands, one of which was that MIS Training pay Interpact $3,000,000.00. The letter gave MIS Training 10 days to reply.

4. I telephoned attorney Buchert on or about March 12, 2004, and, on behalf of MIS Training, denied the allegations of Interpact's March 2, 2004, demand letter. I told him my client was not aware of information that would substantiate Interpact's claims. I invited attorney Buchert to provide documentation of Interpact's claims as set out in the demand letter. He said he would do so, and he subsequently forwarded to me some, although not all, of the information he had said he would provide.

5. After reviewing that information, I had a second telephone conversation with attorney Buchert on March 16, 2004, during which I again stated MIS Training's position: I said that MIS Training believed Interpact's claims to be unwarranted and expressly rejected Interpact's $3,000,000.00 demand. During that conversation, I asked attorney Buchert whether Interpact was serious about that number. He said that it was, and he repeated that Interpact intended to commence litigation against MIS Training by March 21, 2004, if its concerns were not sufficiently addressed.

6. It was at all times my understanding from attorney Buchert, and from Interpact's demand letter dated March 2, 2004, that Interpact intended to and would commence litigation against MIS Training on or before March 21, 2004. That is exactly

what Interpact did: It commenced litigation against MIS Training in Florida state court on March 19, 2004.

7.  Attorney Buchert's characterization of our interactions as "settlement discussions" is inaccurate. Indeed, in my letter to attorney Buchert dated March 12, 2004 (Buchert Aff., Ex. B), I said that my client was "confident that it has not in any way infringed upon trademark rights with respect to the name 'InfowarCon.'" I did not refer to settlement; I did not ask him to forgo or postpone the filing of suit; and I did not label my letter as a settlement discussion.

8.  Attorney Buchert responded with emails that he unilaterally labeled with the phrase, "protected settlement discussions." I understood that to reflect merely his desire to keep any representations in those emails from being deemed "admissions" on the part of his client.

9.  At no time did I, or anyone else on behalf of MIS Training, indicate to attorney Buchert or Interpact that MIS Training was engaging in settlement negotiations with Interpact. Neither did I or anyone else on behalf of MIS Training request that Interpact forestall suit, or represent or suggest that MIS Training would forestall suit.

Signed under the pains and penalties of perjury, this 29th day of June, 2004.

_____
Robert A. Bertsche

3