UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIS TRAINING INSTITUTE LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTERPACT, INC.,<br><br>Defendant. | C.A. No. 04-10538-RGS |

**PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL FILING
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA**

Plaintiff MIS Training Institute LLC ("MIS Training"), pursuant to Local Rule 7.1, hereby moves for leave to submit a Supplemental Filing in opposition to the motion to dismiss filed by defendant Interpact, Inc. The proposed Supplemental Filing is submitted conditionally with this motion.

As grounds, MIS Training states as follows:

1. MIS Training filed on Tuesday, June 29, 2004, its Opposition to Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue to the Middle District of Florida (the "Opposition"). The Opposition urges this Court not to dismiss this action, and not to transfer it to the United States District Court for the Middle District of Florida (the "Florida Court"), where a later-filed case (the "Florida Action"[1]) involving the same parties and the same events is currently pending.

---

[1] The Florida Action is captioned Interpact, Inc. v. MIS Training Institute LLC, C.A. No. 8:04-CV-0799-T-27MAP (M.D. Fla.).

2. The Opposition also notes that MIS Training had filed in the Florida Court a motion to transfer the Florida Action to this Court. The Opposition notes that the motion to transfer was still pending in the Florida Court. (Opposition, at 5, 6, 12.)

3. On Wednesday, June 30, 2004, the morning after filing its Opposition with this Court, MIS Training received from the Florida Court an Order favorable to MIS Training on the motion to transfer. The Florida Court ordered that the Florida Action be stayed, and administratively closed, pending a decision from this Court on Interpact's motion to dismiss. The Order also touches on several issues relevant to Interpact's motion to dismiss, noting that it "appears" both that the "first filed" rule is applicable (Order, at nn.1, 3) and "that Massachusetts is the most convenient forum to resolve the parties' dispute." (Order, at n.3.)

4. Because the Florida Court's Order is directly relevant to this Court's determination of Interpact's motion to dismiss, MIS Training requests that the Court allow a Supplemental Filing intended to bring the Order to the attention of this Court.

5. MIS Training notes that defendant Interpact previously filed in this Court a "Supplemental Filing" to bring to this Court's attention a filing made in the Florida Action,[2] and did so without first requesting leave of Court pursuant to Local Rule 7.1(B)(3) or conferring with opposing counsel pursuant to Local Rule 7.1(A)(3).

---

[2] See "Supplemental Filing in Support of Motion to Stay Proceedings Pending Outcome of Plaintiff's Motion to Transfer Case Pending in Another Jurisdiction," dated May 26, 2004 (attaching "Answer of Defendant MIS Training Institute LLC" in the Florida Action).

WHEREFORE, MIS Training requests that this Court grant leave to submit the Supplemental Filing conditionally submitted herewith.

Respectfully submitted,

MIS TRAINING INSTITUTE LLC

By its attorneys,

_____
Robert A. Bertsche, BBO# 555433
Jeffrey A. Dretler, BBO# 558953
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8018

July 2, 2004

### Local Rule 7.1(A)(2) Certification

I, Robert A. Bertsche, hereby certify that I conferred on June 30, 2004 and July 1, 2004 (by email) and on July 2, 2004 (by telephone) with defendant's counsel, Jason Morgan, in a good-faith attempt to resolve or narrow the issues raised by this motion.

_____
Robert A. Bertsche