UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERPACT, INC.,

        Plaintiff,

vs.                                  Case No. 8:04-CV-799-T-27MAP

MIS TRAINING INSTITUTE LLC,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is MIS Training Institute LLC's Motion to Transfer Action to District of Massachusetts (Dkt. 11), Interpact, Inc.'s Memorandum of Law in Opposition (Dkt. 19) and MIS Training LLC's Reply (Dkt. 35). This court defers ruling on MIS Training Institute LLC's motion (Dkt. 11). This case is **STAYED** pending a decision by the United States District Court, District of Massachusetts, on Interpact, Inc.'s Motion to Dismiss, or in the Alternative, to Transfer Venue to the Middle District of Florida, pending in that court. Counsel for MIS Training shall promptly file a copy of that decision with this court and file an appropriate pleading to lift the stay.

MIS Training seeks transfer of this action to the United States District Court, District of Massachusetts, where a declaratory action MIS Training filed against Interpact is pending.[1] That action, seeking a declaration that MIS Training did not infringe on Interpact's trademark, was filed

---

[1] When parties have instituted competing or parallel litigation in separate federal courts, the Eleventh Circuit, like most circuits, follows the "first filed" rule. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). According to the "first filed" rule, absent compelling circumstances, the court initially having jurisdiction over a case should decide the case. *Id.*

1

prior to the instant action. Interpact contends that it is not subject to personal jurisdiction in Massachusetts and compelling reasons exist for not deferring to the first filed action.

Here, since Interpact has raised personal jurisdiction as a defense to MIS Training's declaratory action in Massachusetts[2], the district court in Massachusetts should decide whether it has personal jurisdiction over Interpact, Inc. *See Supreme International Corp. v. Anheuser-Busch, Inc.*, 972 F.Supp. 604, 606 (S.D. Fla. 1997) (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993)); *see also New England Machinery, Inc. v. Conagra Pet Products Company*, 827 F.Supp. 732, 734 (M.D. Fla. 1993). While MIS Training correctly argues that a determination of personal jurisdiction by the district court in Massachusetts will not be determinative of the issue of whether Massachusetts would have been a proper venue for Interpact to bring its claim against MIS Training, a finding of personal jurisdiction by the district court in Massachusetts would be relevant in considering the convenience of the parties and witnesses and the conservation of judicial resources.[3] The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in chambers this 28th day of June, 2004.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of Record, Law Clerk

---

[2] Interpact's Motion to Dismiss, or, In the Alternative, to Transfer Venue to the Middle District of Florida is pending in the district court in Massachusetts (Dkt. 35, Ex. A, Dkt. 9).

[3] It appears, after a preliminary review of MIS Training's Motion and Interpact's Response, that compelling circumstances do not exist and that application of the "first filed" rule would be appropriate in this case. Likewise, it appears that the private and public factors weigh in favor of finding that Massachusetts is the most convenient forum to resolve the parties' dispute. However, this Court defers ruling on these issues until the district court in Massachusetts has had an opportunity to determine whether it has personal jurisdiction over Interpact.