UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIS TRAINING INSTITUTE LLC, : <br><br> Plaintiff, : <br><br> v. : <br><br> INTERPACT, INC., : <br><br> Defendant. : | <br><br><br><br> Civil Action No. 04-10538-RGS |

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF FLORIDA

The U.S. District Court for the Middle District of Florida (the "Florida Court") has now deferred ruling on the motion to transfer before it, pending this Court's ruling on the instant motion. This Court should dismiss this case, or, in the alternative transfer venue to Florida for two reasons: (1) Interpact is the true plaintiff here, and MIS should not be permitted to forum shop by misusing the declaratory judgment statute, and (2) Interpact lacks the requisite "minimum contacts" to be subject to personal jurisdiction in Massachusetts.

**A.	MIS has misstated the facts and the law regarding the "first-filed" presumption.**

The "first-filed" rule is not black and white. Rather, as noted in a case relied upon by MIS, "no single presumption or factor will always control, and instead, the result will depend on factual nuances." Reebok Int'l Ltd. V. Dunadelic, Inc., 2004 WL 413266, at * 4 (D. Mass. Mar. 2, 1004). Moreover, as stated in another case relied upon by MIS, one "special circumstance which nullifies the presumption in favor of the first-filed action is the filing of a suit for the sole purpose of winning the race to the courthouse to secure a preferred forum." The Holmes Group,

Inc. v. Hamilton Beach/Procter Silex, Inc., 249 F. Supp. 2d 12, 16 (D. Mass. 2002). And, in yet another case cited by MIS, this Court has emphasized that that the "first-filed suit is particularly suspect where a party ... has brought a declaratory judgment action for non-infringement," as is the case here. Veryfine Prods., Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 22 (D. Mass. 2000); see also Davox Corp. v. Digital Sys., Int'l, Inc., 846 Supp. 144, 147-49 (D. Mass. 1993); Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 124-25 (D. Mass. 2000).

As noted by this Court, a declaratory judgment is intended to provide the "natural defendant" with a procedural device to avoid the "uncertainty and insecurity" of a delay in resolving a "potential legal controversy." Lexington Ins. Co. v. City of Phoenix, 1996 WL 463672, at *2 (D. Mass. July 31, 1996). Here, MIS acknowledges that Interpact was going to file suit (in Florida) within days if the dispute was not resolved. (Opp. Br. At 4). MIS concedes that it filed suit (in Massachusetts) only after the threat of suit "in a distant forum." (Opp. Br. At 2). MIS's motivation to bring suit was thus not motivated by concern about the possibility of delay or uncertainty. Rather, its sole motivation was to secure its forum, which is an improper use of the declaratory judgment statute.

The uncontested facts also reveal that Interpact was led to believe that the discussions between counsel for the parties were aimed at settlement. It is undisputed that Interpact's counsel believed he was negotiating a possible settlement. (Buchert Aff. ¶5). Even if MIS's counsel never truly intended to work in good faith towards settlement of the dispute, his actions led Interpact's counsel to believe otherwise.

Interpact's counsel sent a demand letter on March 2, 2004. Ten days later, on March 12, MIS's counsel sent Interpact's counsel a response letter requesting documents in support of

Interpact's trademark infringement claim. That same day (a Friday), Interpact's counsel emailed some of the requested information to MIS's counsel. After the weekend, on Tuesday, March 16, Interpact's counsel faxed MIS some additional documents. (Buchert Aff. at ¶3-4). The next day, on March 17, without responding to the documents that Interpact's counsel had sent, MIS's counsel filed this suit.

This entire exchange lasted only about two weeks. Moreover, MIS filed suit only *one day* after Interpact provided documents requested by MIS's counsel. Interpact reasonably believed that it was working to resolve this matter out of court. It is now clear that MIS was simply buying time to draft its barebones complaint, solely to secure its forum. Had Interpact known that MIS had no interest in working towards an amicable, good faith resolution of the dispute, it would have filed suit immediately, in Florida.

This case is strikingly similar to Davox. When the plaintiff initiated preemptive litigation in that case, the Court held that the plaintiff "should not be permitted to take advantage of the fact that [the defendant] responsibly deferred filing potentially protracted and expensive litigation and, indeed, was perhaps misled into believing it would not be prejudiced by doing so by [the plaintiff's] responses to its letters." Davox, 846 F. Supp. At 148. This Court has already rejected an attempt to forum shop by bringing a declaratory judgment action a mere one month after notice of the dispute. See Symbol Tech., Inc. v. Quantum Assoc., Inc., 2002 WL 225934, at *2-3 (D. Mass. Jan. 30, 2002). Thus, bringing a declaratory judgment suit after a mere *two weeks*, as MIS did here, should likewise be considered premature.

**B.  Interpact is not subject to personal jurisdiction in Massachusetts.**

The sole basis for MIS's argument that Interpact is subject to personal jurisdiction in Massachusetts stems from the contractual relationship between Interpact and MIS. However, the "mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state." Phillips Exeter Academy v. Howard Phillips Fund, Inc., 196 F.3d 284, 290 (1st Cir. 1999). Personal jurisdiction cannot be found "merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995). This is especially true where, as here, "most performance required [under the contract]… was to be rendered *outside* of Massachusetts." Lyle Richards Int'l, Ltd. V. Ashworth, Inc., 132 F.3d 111, 113 (1st Cir. 1997).

The contacts relied upon by MIS to establish the existence of personal jurisdiction over Interpact in Massachusetts include:

1. Interpact entered into a joint venture agreement (the "Agreement") with MIS, a Massachusetts corporation, and thereby licensed the InfowarCon trademark to MIS (Opp. Br. at 1, 7, 8);

2. Interpact shared in the profits and losses of annual conferences that were marketed, promoted, and administered by MIS in Massachusetts (Opp. Br. at 1, 3, 10); and

3. MIS's infringing activities occurred in Massachusetts. (Opp. Br. at 2).

Interpact does not dispute these facts. However, these facts alone are insufficient to subject Interpact to personal jurisdiction in Massachusetts.

-4-

The only work under the Agreement that was conducted in Massachusetts was done by MIS, *not Interpact*. MIS concedes that it (not Interpact) marketed, promoted, and administered the annual conferences from its offices in Massachusetts – MIS mailed the postcards and brochures to potential conference attendees residing in Massachusetts. (Opp. Br. at 1, 3, 10). MIS does not, and cannot, allege that Interpact marketed or promoted the conferences from Massachusetts or solicited Massachusetts residents to attend the conferences. Moreover, because none of the conferences took place in Massachusetts, Interpact had virtually no contact with Massachusetts whatsoever. (Schwartau Aff. ¶¶5-13). "The very exiguousness of these contacts suggests that [Interpact] could not reasonably have foreseen its susceptibility to suit in a [Massachusetts] court." Phillips Exeter, 196 F.3d at 292; see also Boston Scientific Corp. v. Bonzel, 132 F. Supp. 2d 45, 51 (D. Mass. 2001).

MIS's argument that Interpact is subject to personal jurisdiction in Massachusetts because MIS's infringing activities occurred in Massachusetts also is unavailing. MIS can provide no legal authority to support that position, which would run contrary to the personal jurisdiction framework adopted by the First Circuit.[1] MIS's infringing activities bear upon where it might be subject to personal jurisdiction; they have no bearing upon where Interpact is subject to personal jurisdiction. Indeed, it is relevant that MIS is subject to personal jurisdiction in Florida, where Interpact brought suit. See Boston Scientific, 132 F. Supp. 2d at 51.

---

[1] This Court should not exercise personal jurisdiction over Interpact simply because it sent a demand letter to a Massachusetts resident. Nova Biomedical Corp. v. Moller, 629 F.2d 190, 197 (1st Cir. 1980); Boston Scientific, 132 F. Supp. 2d at 50-51; GSI Lumonics, Inc. v. Biodiscovery, Inc., 112 F. Supp. 2d 99, 110 (D. Mass. 2000); Polaroid Corp. v. Feely, 889 F. Supp. 21, 27 (D. Mass. 1995).

CONCLUSION

MIS has not met its burden of proving that Interpact is subject to personal jurisdiction in Massachusetts. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995); Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995); LaVallee v. Parrot-Ice Drink Products of Am., Inc., 193 F. Supp. 2d 296, 298 (D. Mass. 2002). As a result, this action should be dismissed, or, alternatively, it should be transferred to the Florida court, where both parties are properly subject to personal jurisdiction.

Respectfully submitted,

Dated: July 8, 2004

_____
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
(781) 749-7200

Terrence S. Buchert (*pro hac vice*)
P.O. Box 47121
St. Petersburg, FL 33743
(727) 302-0351

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that, on July 8, 2004, I served a true and correct copy of the foregoing, by first class mail, to counsel for Plaintiff, Robert A. Bertsche, Esq., Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109.

_____
Jason W. Morgan

- 6 -