UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MIS TRAINING INSTITUTE LLC,

Plaintiff and Counterclaim Defendant,

v.

INTERPACT, INC.,

Defendant and Counterclaim Plaintiff.

Civ. Action No. 04-10538-RGS

### MIS TRAINING INSTITUTE LLC'S MOTION TO DISMISS CERTAIN OF INTERPACT, INC.'S COUNTERCLAIMS
(Oral Argument Requested)

MIS Training Institute LLC ("MIS Training"), as plaintiff and counterclaim defendant, hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss certain of the counterclaims asserted by Interpact, Inc. ("Interpact"), the defendant and counterclaim plaintiff. Specifically, MIS Training seeks dismissal of Interpact's claims for state and federal trademark dilution, conversion, and unfair and deceptive trade practices under Florida law (Counts III, IV, V, and IX, respectively),[1] arising out of an alleged unlawful use of the "*InfowarCon*" service mark by MIS Training.

In support of this motion to dismiss, MIS Training submits the accompanying memorandum of law, and further states as follows:

1.  Interpact's claim of trademark dilution under Massachusetts law, Mass. Gen. Laws ch. 110B[2] (Count III), is preempted by the trademark infringement claims that are the subject of

---

[1] Those counterclaims not addressed herein are the subject of MIS Training's Answer to Interpact, Inc.'s Counterclaims.

[2] In its Counterclaims, Interpact has cited to Mass. Gen. Laws ch. 110, which in 1974 was recodified as Mass. Gen. Laws ch. 110B. For the purposes of this motion, MIS Training assumes that Interpact intended to rely on Chapter 110B.

Counts I and II. Interpact has alleged no facts that would tend to show dilution. To the contrary, it has alleged that the parties' respective services are similar and competing, thereby removing them from the ambit of the state anti-dilution statute.

2. Interpact has failed to state a claim for trademark dilution under federal law (Count IV). It has offered only the bare assertion that the *InfowarCon* service mark is "famous" and "distinctive," without pleading any facts in support of these critical elements of its claim. Interpact also has not alleged (and could not allege) that MIS Training adopted the *InfowarCon* mark after the mark became "famous." As a matter of law, MIS Training cannot be liable for dilution because its first use of the mark was permissive, and began before the mark achieved fame.

3. Interpact's claim for conversion (Count V) fails because Interpact does not allege that it has been wrongfully deprived of tangible physical property. As a matter of law, the property at issue here (including information about speakers, vendors, attendees, and other InfowarCon conference-related issues (Countercl. ¶ 51)) is intangible property which cannot be the subject of conversion.

4. Interpact cannot state a claim for relief under the Florida consumer protection statute, Fla. Stat. ch. 501 (Count IX). Count IX, duplicative of Interpact's count seeking relief under Mass. Gen. Laws ch. 93A, § 11 (Countercl. ¶¶ 79-83), cannot succeed because Interpact has not claimed that even a single one of the alleged unlawful practices described in the Counterclaims has transpired in the state of Florida.

CONCLUSION

WHEREFORE, MIS Training requests that this Court dismiss Counts III, IV, V and IX of Interpact's Counterclaims.

Respectfully submitted,

MIS TRAINING INSTITUTE LLC

By its attorneys,

Dated: October 22, 2004

Robert A. Bertsche, BBO #554333
Jeffrey A. Dretler, BBO#558953
Amy E. Serino, BBO#643664
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

### Local Rule 7.1(A)(2) Certificate

I hereby certify that on October 22, 2004, I conferred with counsel for the defendant, Jason Morgan, by telephonic conference and attempted in good faith to resolve or narrow the issues addressed herein.

Jeffrey A. Dretler