UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIS TRAINING INSTITUTE LLC,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>INTERPACT, INC.,<br><br>Defendant and Counterclaim Plaintiff. | Civ. Action No. 04-10538-RGS |

### ANSWER OF MIS TRAINING INSTITUTE LLC
### TO CERTAIN OF INTERPACT, INC.'S AMENDED COUNTERCLAIMS

MIS Training Institute LLC ("MIS Training") answers and asserts defenses to Counts I, II, V, VI, and VII of the pleading that Interpact, Inc. ("Interpact") filed with the Court on October 26, 2004, entitled "Amended Counterclaims."[1]  (Dkt. No. 29.)

### First Defense[2]

As its first defense, MIS Training responds to the numbered paragraphs of Interpact's Amended Counterclaims as follows:

1.      MIS Training is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, which are therefore denied.

---

[1] In filing its "Amended Counterclaims," Interpact voluntarily dismissed its four original counterclaims for state and federal trademark dilution, conversion, and violation of the Florida consumer protection statute, which were the subject of MIS Training's Motion to Dismiss Certain of Interpact, Inc.'s Counterclaims. (Dkt. No. 26.) Interpact also purported to add two new counterclaims against MIS Training. In filing this answer, MIS Training restates its objection to those putative additions on the grounds that they were filed without leave of court, that they are futile, and that, if allowed, they fail to state a claim for which relief may be granted. See Fed. R. Civ. P. 13(f), 15(a), 12(b)(6). Counts III and IV of the Amended Counterclaims are the subject of MIS Training's Motion to Dismiss Certain of Interpact, Inc.'s Amended Counterclaims.

[2] By delineating defenses, MIS Training does not intend to shift, and is not shifting, the burdens of production or proof on any matter as to which Interpact has such burden.

- 2 -

2. MIS Training states that it is a Delaware limited liability company with a principal place of business in Framingham, Massachusetts, and that it is a successor in interest to MIS Training Institute, Inc., a Massachusetts corporation. MIS Training denies the remaining allegations of Paragraph 2.

3. MIS Training admits that the Court has denied Interpact's motion to dismiss this action, or, in the alternative, to transfer this action to the United States District Court for the Middle District of Florida. The remaining allegations of this paragraph are conclusions of law to which no response is required; to the extent a response is required, they are denied on that ground.

4. MIS Training admits that in 1997, Interpact and MIS Training entered into a written agreement ("Agreement"), the terms of which speak for themselves. A copy of the Agreement is attached hereto as Exhibit A; to the extent that the allegations of Paragraph 4 misstate or mischaracterize the Agreement, they are denied. MIS Training is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 4, which are therefore denied.

5. MIS Training admits that the Agreement provided, in part, that "The name InfoWarCon will be registered with the Patent and Trade Mark Office within 10 days of the signing of this contract and the rights to use that name will be assigned to MIS as part of this contract." To the extent that the allegations of Paragraph 5 misstate or mischaracterize the Agreement, they are denied. MIS Training denies the allegation that Interpact assigned the use of the name *InfowarCon* to "the joint venture." Further answering, MIS Training states that Interpact assigned to MIS Training the rights to use the name *InfowarCon*. On information and belief, MIS Training admits only that Interpact applied for and obtained federal trademark

registration for the mark INFOWARCON, and denies the allegation that Interpact applied for or obtained such registration prior to assigning use of the name to MIS Training. MIS Training denies the remaining allegations of Paragraph 5.

6. Denied.

7. MIS Training admits that it purchased from Interpact some materials represented to be from prior conferences but is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 7, which are therefore denied. To the extent that the allegations of Paragraph 7 misstate or mischaracterize the Agreement, they are denied.

8. MIS Training admits that Interpact provided some materials in response to requests from MIS Training in connection with the InfowarCon conferences during the period extending from 1998 through 2002, but is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 8, which are therefore denied.

9. MIS Training admits that conferences were held in September of 1998, 1999, 2000, 2001, and 2002, and, further answering, states that Interpact breached the Agreement in 2002, thereby terminating the parties' business relationship before the end of the five years set out in the Agreement. To the extent that the allegations of Paragraph 9 misstate or mischaracterize the Agreement, they are denied. MIS Training denies the remaining allegations of Paragraph 9.

10. MIS Training admits that an InfowarCon conference was held in September 2002, and, further answering, states that Interpact breached the Agreement in 2002, before the Agreement's term expired. MIS Training denies the allegation that the September 2002 conference was the last conference planned pursuant to the Agreement, and denies the remaining allegations of Paragraph 10.

11. MIS Training admits that an InfowarCon conference was held in September 2002, and, further answering, states that Interpact breached the Agreement in 2002, before the Agreement's term expired. MIS Training admits that the Agreement was not "renewed" after it was breached by Interpact, but, further answering, states that the Agreement's terms setting out the consequence if Interpact did not "complete this five-year arrangement" remained in effect.

12. Denied.

13. MIS Training admits that Interpact entered into a contractual arrangement with another party in 2002, and, further answering, states that by doing so Interpact breached the Agreement and terminated the parties' business relationship. MIS training denies the allegation that the last InfowarCon conference "scheduled pursuant to the Agreement" took place in or before October 2002. MIS Training is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 13, which are therefore denied.

14. Denied, except that MIS Training admits that it advertised its conference in 2003 called The Forum on Information Warfare.

15. MIS Training denies the allegation that it used the *InfowarCon* mark to promote or market a competing conference. MIS Training is without knowledge or information as to the remaining allegations of Paragraph 15, and therefore denies them.

16. MIS Training admits that in marketing and producing its 2003 conference titled The Forum on Information Warfare, it used attendee lists, vendor lists, exhibition lists, and other materials; that some of the information contained in those materials had been developed during the term of the Agreement; and that some of the information contained in those materials may have been originally sold or otherwise provided to MIS Training by Interpact as part of the Agreement. MIS Training denies the remaining allegations of Paragraph 16.

- 5 -

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. MIS Training admits that its 2003 conference, called The Forum on Information Warfare, was a separate conference from the "InfowarCon 2003" conference presented by Interpact and Reed Exhibitions, and denies the remaining allegations of Paragraph 21.

22. Denied.

23. MIS Training admits that the name of the information warfare conference MIS Training sponsored in 2002 was "InfowarCon" and that the name of the information conference MIS Training sponsored in 2003 was "The Forum on Information Warfare," and further admits that it apprised some prospective attendees of those facts. MIS Training denies the remaining allegations of Paragraph 23.

24. MIS Training admits that it offered what it referred to as "alumni" discounts to some prospective attendees and vendors of The Forum on Information Warfare who had attended one or more prior MIS Training conferences, including conferences MIS Training had produced with Interpact pursuant to the Agreement. MIS Training denies the remaining allegations of Paragraph 24.

25. Denied.

26. Denied.

## COUNT I
### ("Unfair Competition and Trademark Infringement in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a)")

27. MIS Training repeats and incorporates by reference the responses set forth in the foregoing paragraphs as if restated fully herein.

28. MIS Training is without sufficient knowledge or information to admit or deny the allegations of Paragraph 28, which are therefore denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT II
### ("Common Law Unfair Competition and Trademark Infringement")

33. MIS Training repeats and incorporates by reference the responses set forth in the foregoing paragraphs as if restated fully herein.

34. MIS Training is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 34, and therefore denies them. MIS Training denies the allegations of the second sentence of Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## COUNT III
### ("Breach of Contract")

40. – 51.   Because the allegations of paragraphs 40 through 51 are the subject of MIS Training's Motion to Dismiss Certain of Interpact, Inc.'s Amended Counterclaims, no response is required at this time.

## COUNT IV
### ("Breach of the Covenant of Good Faith and Fair Dealing")

52. – 64.   Because the allegations of paragraphs 52 through 64 are the subject of MIS Training's Motion to Dismiss Certain of Interpact, Inc.'s Amended Counterclaims, no response is required at this time.

## COUNT V
### ("Tortious Interference with Advantageous Business Relations")

65.   MIS Training repeats and incorporates by reference the responses set forth in the foregoing paragraphs as if restated fully herein.

66.   MIS Training is without sufficient knowledge or information to admit or deny the allegations of Paragraph 60, which are therefore denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

72.   Denied.

73.   Denied.

- 8 -

## COUNT VI
### ("Tortious Interference with Contractual Relations")

74.  MIS Training repeats and incorporates by reference the responses set forth in the foregoing paragraphs as if restated fully herein.

75.  MIS Training admits only that in or around October of 2002, Interpact informed MIS Training that Reed Exhibitions had bought InfowarCon. MIS Training denies the remaining allegations of Paragraph 69.

76.  MIS Training admits only that sometime after breaching the Agreement and terminating the parties' business relationship, Interpact requested that MIS Training provide it with information about prior InfowarCon attendees so that Interpact could provide that information to Reed Exhibitions for the "InfowarCon 2003" conference. MIS Training denies the remaining allegations of Paragraph 70.

77.  MIS Training admits that it did not provide the requested information at that time, and denies the remaining allegations of Paragraph 71.

78.  Denied.

79.  Denied.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

84.  Denied.

## COUNT VII
### ("Violation of M.G.L. c. 93A")

85. MIS Training repeats and incorporates by reference the responses set forth in the foregoing paragraphs as if restated fully herein.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

### Second Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### Third Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because Interpact cannot demonstrate any likelihood that the public will be confused or misled as to the source of MIS Training's goods or services, or that MIS Training's goods or services are associated with, or endorsed by, Interpact.

### Fourth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by Interpact's breach of contract.

### Fifth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because Interpact abandoned the *InfowarCon* mark.

### Sixth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by Interpact's failure

to mitigate its damages.

### Seventh Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Eighth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Ninth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because Interpact lacks standing.

### Tenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because Interpact acquiesced to MIS Training's use of the term, "InfowarCon."

### Eleventh Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because Interpact granted permission and/or a license to MIS Training for use of the term, "InfowarCon."

### Twelfth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because MIS Training's use of the trademark, if any, constituted fair use.

### Thirteenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because Interpact has suffered no damages.

### Fourteenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by the applicable statute of limitations.

### Fifteenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Sixteenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because the allegedly infringed mark is generic.

### Seventeenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because the allegedly infringed mark is merely descriptive.

### Eighteenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Nineteenth Defense

Interpact's Amended Counterclaims are barred, in whole or in part, because its claims arising from the use of the term "InfowarCon" are not for lawful rights such as may be granted pursuant to Title 15 of the United States Code.

### Twentieth Defense

Count VI is barred because any harm to the business relationship between Interpact and Reed Elsevier was not caused by any intentional act of MIS Training.

### Twenty-First Defense

Count VI is barred because any interference to the business relationship between Interpact and Reed Elsevier that resulted from acts by MIS Training was justified by the privilege of lawful competition.

### Twenty-Second Defense

Count VII is barred because Interpact has not suffered any loss of money or property as a result of any acts of MIS Training.

### Twenty-Third Defense

Count VII is barred because MIS Training engaged in no acts that were unfair or deceptive.

### Defenses Reserved

MIS Training expressly reserves the right to assert further defenses as to Counts III and IV, which are the subject of MIS Training's pending Motion to Dismiss Certain of Interpact, Inc.'s Amended Counterclaims.

**MIS TRAINING CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

MIS TRAINING INSTITUTE LLC

By its attorneys,

November 5, 2004

Robert A. Bertsche, BBO #555433
Jeffrey A. Dretler, BBO #558953
Amy E. Serino, BBO #643664
PRINCE, LOBEL, GLOVSKY & TYE LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000